## THOMPSON v. HAUBTMAN ET AL.

(November 3, 1931. Opinion and Decree.)
(November 16, 1931. Rehearing Refused.)
(January 4, 1932. Writs of Certiorari and Review Refused by Supreme Court.)

Richard A. Dowling, Gasper Bossetta, of New Orleans, attorneys for plaintiff, appellee.

Monroe & Lemann, Walter J. Suthon, Jr., of New Orleans, attorneys for Miss Ruth Haubtman, defendant, appellant.

WESTERFIELD, J. This suit results from a collision between two automobiles, a Ford and a Cadillac. The plaintiff, Mrs. Walter Thompson, was a guest in the Ford, which was owned and driven by Miss Ruth Haubtman; the other occupants of the car being Mrs. L. Haubtman, mother of Miss Haubtman, and Mrs. J. L. Thompson, sister of Miss Haubtman and daughter-in-law of the plaintiff. Mrs. Thompson was injured in the accident, and brought this suit for damages against Anthony Mussacchia, the driver of the Cadillac, and Charles Tamborello, the owner, and Miss Ruth Haubtman, the driver and owner of the Ford car, in which she was riding at the time of the collision. There was judgment below against all three defendants, in solido, in the sum of $1,375, as prayed for, and Miss Ruth Haubtman alone has appealed. We are therefore only concerned with the question of Miss Haubtman's responsibility for the accident.

A consideration of the conflicting testimony in the record raises considerable doubt in our minds concerning the correctness of the holding of our brother below to the effect that Miss Haubtman was at fault, but we are relieved from the necessity of weighing this testimony, because the description of the accident given by plaintiff herself completely exonerates Miss Haubtman from all responsibility. Her statement of the affair, which she has not attempted to withdraw or qualify, is substantially as follows: Miss Haubtman was driving her automobile along the Chef Menteur road in the direction of the city of New Orleans, at a moderate speed, not in excess of 25 miles per hour, on the right side of the road, some distance from the center line. The Cadillac, which was going in the opposite direction, was speeding toward the Ford at the rate of 60 miles an hour. It was not on the right side, as it should have been, but over the middle, and encroaching upon the path of the Ford, with which it collided because there was no chance for the Ford to avoid it. As a matter of fact, she concludes her testimony, which was taken by deposition, with the statement that "I never noticed anything wrong with Miss Haubtman's driving. She was considered a very good driver."

In our opinion the plaintiff is bound by her testimony exonerating Miss Haubtman. Civil Code, article 2291, reads as follows:

"The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.

"It amounts to full proof against him who has made it.

"It can not be divided against him.

"It can not be revoked, unless it be proved to have been made through an error in fact.

"It can not be revoked on a pretence of an error in law."

In the case of Megason et al. v. Boleyn Lumber Co., 140 La. 431, 73 So. 257, it was held that a litigant was bound by the answers to interrogatories propounded by his adversary and destructive of his case, notwithstanding his testimony to the effect that he was under the impression that the interrogatories had been propounded by his own counsel and that his answers had been made thoughtlessly, and, as a matter of fact, were untrue. See, also, Kohn v. Marsh, 3 Rob. 48; State ex rel. Smith v. Dardenne, 131 La. 59, 58 So. 1032.

Our conclusion is that the judgment appealed from is erroneous in so far as it condemns Miss Ruth Haubtman, and it is therefore ordered, adjudged, and decreed that the judgment appealed from be amended, in so far as it runs in favor of the plaintiff, Mrs. Walter Thompson, and against Miss Ruth Haubtman, defendant, and it is now ordered that there be judgment in favor of the defendant, Miss Ruth Haubtman, and against the plaintiff, Mrs. Walter Thompson, dismissing plaintiff's suit at her cost. As thus amended, the judgment is affirmed.