REGAN, Judge.
Plaintiff, Mrs. Delphine Boral St. Blanc, Jr., a guest passenger in an automobile driven by her husband, instituted this suit against the defendants, Freddie Andras, the owner of the other vehicle involved herein which was operated by his son, and his liability insurer, Manufacturers Casualty Insurance Company, her own insurer, endeavoring to recover $65,266.98 for personal injuries she sustained as a result of an intersectional collision in the City of Thibodaux, caused by the concurrent negligence of Robert Andras, the minor son of Freddie Andras, and of Victor St. Blanc, Jr., her husband.
Defendants, Freddie Andras and his insurer, answered and averred that the accident was caused by the sole negligence of plaintiff’s husband, which they asserted was inputable to plaintiff because she and her husband were on a joint venture when the accident occurred. In the alternative, defendants asserted that St. Blanc was guilty of concurrent negligence.
Defendant, Travelers Insurance Company, answered and denied liability predicated on the fact that its insured was not negligent.
Victor J. St. Blanc, Jr. then filed a petition of intervention in which he sought to recover $10,400.98 from both insurers and Andras for past and future medical expenditures which were and would be incurred by the community as a result of plaintiff’s injury.
St. Blanc’s insurer pleaded an exception of no cause of action, which was referred to the merits, and then answered the intervention asserting that were it cast in judgment, then intervenor could not recover medical expenses because his negligence would bar recovery.
The trial court rendered a judgment:
(1) In favor of plaintiff, Mrs. St. Blanc, Jr., and against defendants, Freddie Andras and Manufacturers Casualty Insurance Company, for $10,000, the insurance policy limits.
(2) In favor of plaintiff, Mrs. St. Blanc, Jr., and against Freddie Andras, individually, for $5,000.
(3) In favor of plaintiff in intervention, Victor J. St. Blanc, Jr., and against the defendant, Freddie Andras, in the amount of $848.32.
(4) In favor of defendant, Travelers Insurance Company, dismissing the plaintiff’s main demand and the intervention of St. Blanc.
From this judgment, Freddie Andras and Manufacturers Casualty Insurance Company have prosecuted this appeal. Plaintiff has also appealed and requested an increase in the amount of her judgment.
The record reveals that the accident from which this litigation arose occurred on June 19, 1956 in the intersection of Canal and Second Streets in the City of Thibodaux. Canal is a wide boulevard divided by a neutral ground. Each of the two roadways *852 thereof accommodates one parking lane and two moving lanes of traffic. Second Street is a roadway which services two-way traffic, and at the point where it intersects Canal, traffic moving therein is regulated by a stop sign.
The trial court concluded that the accident occurred in the following manner:
Victor St. Blanc, Jr. was driving his vehicle in the center traffic lane of Canal at a speed of approximately 25 miles per hour. He was aware of the fact that a stop sign regulated traffic entering Canal from Second Street, but when he was about 15 feet removed from this intersection, he first noticed a vehicle, driven by Robert Andras, a minor, enter the intersection from Second Street at a speed of approximately 25 miles per hour, having failed to stop in obedience to the traffic sign. St. Blanc then removed his right hand from the steering wheel so as to use it to prevent his infant child, who occupied part of the front seat, from being thrust into the windshield and, simultaneously, steered his vehicle to the right in an attempt to avoid the accident. However, his efforts proved fruitless, and the left front fender of his automobile collided with the left rear fender of the Andras vehicle.
While Andras and his insurer concede that the minor was negligent in running the stop sign and entering the intersection at a speed of 25 miles per hour, they assert that St. Blanc was concurrently negligent in failing to avoid the collision. Defendants insist that had St. Blanc been maintaining a proper lookout, he would have observed that young Andras was not going to stop his vehicle before entering the Canal Street intersection.
We find no merit in this contention, for photographs of the intersection which were introduced in evidence, reflect that a residence is built almost to the sidewalk of Canal, and in addition thereto three large trees obstructed St. Blanc’s view into Second Street. Therefore, it was physically impossible for St. Blanc to have observed the approach of the Andras’ vehicle in sufficient time to avoid the collision.
We are, therefore, of the opinion that the trial court properly concluded that the accident occurred through the sole negligence of Robert Andras in failing to stop in obedience to a traffic sign, and properly fixed liability in conformity with this finding.
Defendants, Andras and his insurer, next assert that an award of $15,000 to plaintiff was excessive.
A battery of medical experts appeared to testify and the consensus of medical opinion is that Mrs. St. Blanc suffered a moderately severe cervical sprain of the whiplash variety as a result of the collision.
This matter was tried five years after the accident, and although whiplash injuries are generally healed between three and six months after their occurrence, plaintiff was still suffering from the injury at the time of the trial. Her complaints of pain are supported by objective findings of several doctors who examined her after the five year interval.
Plaintiff was never hospitalized for treatment; however, she wore a neck brace which was prescribed by one treating physician for six weeks, submitted to traction of her neck on innumerable occasions at home, and was given extensive physiotherapy. Several physicians stated that plaintiff did not respond to these various treatments because she was unable to rest for a sufficient time to permit recovery. When the accident occurred, plaintiff was the mother of six children and by the date of the trial hereof, which was about five years later, she had given birth to three more. Since infants and young children require attention, it was suggested by the medical experts that the plaintiff was unable to refrain from the physical activities which provoked the recurrence of pain and prolonged the effects of the injury. The experts were also of the opinion that if plaintiff had not *853 responded to treatment within five years, she would always have some residual disability. One doctor observed that her condition might, be classified as a constant discomfort, which frequently would produce pain. In addition, she has developed bursitis and her arms have been weakened as a result of the trauma.
Although we are of the opinion that plaintiff incurred a painful injury which resulted in some degree of permanent disability, we think that an award of $15,000 therefor is not supported by the existing jurisprudence.
A review of the recent cases[1] involving quantum awarded for similar injuries convinces us that the judgment should be reduced to $7,500 which we feel is adequate, insofar as money may make it so.
For the reasons assigned, the judgment appealed from is affirmed, insofar as it dismisses plaintiff's suit against the defendant, Travelers Insurance Company, and set aside in all other respects.
It is now ordered adjudged and decreed that there be judgment in favor of plaintiff, Mrs. St. Blanc, J., and against the defendants, Manufacturers Casualty Insurance Company and Freddie Andras, jointly and solidarily, in the full sum of $7,500, together with interest from judicial demand.
It is further ordered, adjudged and decreed that there be judgment in favor of plaintiff in intervention, Victor J. St. Blanc, Jr., and against the defendants, Manufacturers Casualty Insurance Company and Freddie Andras, jointly and solidarily, in the full sum of $848.32, together with interest from judicial demand.
Defendants, Manufacturers Casualty Insurance Company and Freddie An-dras, are to pay all costs of the proceedings emanating from the trial court, and plaintiff is to pay all costs of this appeal.
Affirmed in part: set aside in part and rendered.

. Patterson v. Hardware Mutual Cas. Co., La.App., 131 So.2d 147; Thomas v. Peerless Insurance Co., La.App., 121 So.2d 593; Salter v. Acme Well Point Corp., La.App., 116 So.2d 351; James v. Bituminous Casualty Corp., La.App., 115 So.2d 628; Harvey v. Great American Indemnity Co., La.App., 110 So.2d 595. See also the eases cited in these opinions.