HAMITER, Justice.
 

 In this suit Douglas P. Reynolds seeks damages for personal injuries from Maryland Casualty Company (hereafter referred to as Maryland) and Hardware Mutual Casualty Company (hereafter called Hardware Mutual), the respective liability insurers of two vehicles involved in an intersectional collision in which he was allegedly injured.
 

 Plaintiff was a guest passenger in one of the vehicles — -a Volkswagen bus driven by Claude E. Dake and insured by Maryland. Mrs. Lester Bloomenstiel was the driver of the other, it having been covered by Hardware Mutual.
 

 Following a jury trial plaintiff was granted a judgment for $18,000, of which amount $5,000 was against Maryland (the limit of its policy) and $13,000 against Hardware Mutual.
 

 On an appeal by the defendants the Court of Appeal determined that there was no negligence on the part of Mrs. Bloomenstiel, and it reversed the judgment as to her insurer (Hardware Mutual). The court further found that the accident was caused solely by the negligence of Dake. However, it held that because the testimony of plaintiff had completely exonerated Dake from any negligence the exoneration constituted a judicial confession within the terms of Revised Civil Code Article 2291 and, accordingly, was binding on him even though it was contrary to the physical facts and other evidence which showed that Dake was guilty of negligence that proximately caused the accident. Consequently, the court also reversed the judgment against Dake’s insurer (Maryland). 178 So.2d 412.
 

 We granted certiorari at the instance of plaintiff. 248 La. 530, 180 So.2d 542.
 

 Our primary purpose in issuing the writ was to review the court’s holding that the testimony of plaintiff, under the provisions of Revised Civil Code Article 2291, precluded his recovery against Maryland. However, we did not limit it to a consideration of that holding. Therefore, the entire case is presently before us, and we shall consider the question of liability as to both defendants.
 

 The description of the location of the accident is set forth succinctly in the Court of Appeal opinion as follows: “The accident in question occurred on November 6, 1963 at approximately 1:30 o’clock P.M. at the intersection of Perkins Road and Essen Lane in the Parish of East Baton, Louisiana. The weather was clear and both streets are hard surfaced. Perkins Road runs generally north and south, and Essen
 
 *273
 
 Lane runs generally east and west. The east-west road is known as Essen Lane to the east of Perkins and as Starring Lane to the west of Perkins Road. Proceeding westerly along Essen Lane there is a stop sign some three feet from the intersection with Perkins Road and there is a red blinking light hanging in the center of the intersection. The blinking light is yellow for traffic on Perkins Road.”
 

 The surrounding terrain is more or less rural in nature, it providing an unobstructed view of the intersection for a considerable distance, and the legal speed limit on Perkins Road was 60 miles per hour. Mrs. Bloomenstiel was traveling on Perkins Road in a northerly direction toward the intersection ; Dake was moving westerly on Essen Lane, intending to cross Perkins Road and continue westerly on Starring Lane.
 

 The record indisputably discloses that prior to the accident Mrs. Bloomenstiel was proceeding at about 50 miles per hour. As she approached the intersection she slowed her speed to approximately 40-45 miles per hour. When some 100-150 feet from the crossing she saw the Dake vehicle enter the Perkins Road and then realized that it was not going to yield to her the right-of-way to which she was entitled. She immediately applied her brakes but was unable to avoid colliding with the front of the Volkswagen. Her car was stopped some 18 feet beyond the point of impact. She could not turn to the left to prevent the collision because of an oncoming automobile in the left lane, the driver and passenger of which had observed the movements of the Bloomenstiel and Dake vehicles and their testimony corroborated Mrs. Bloomenstiel in most of the important particulars.
 

 In view of the fact that Mrs. Bloomenstiel was on the favored road, driving well within the legal speed limit, and there were no unusual circumstances which would require extreme caution, we agree with the Court of Appeal’s conclusion that she was guilty of no negligent conduct. She had the right to assume that the Dake vehicle would honor her superior right-of-way. But when she realized that suth would not bé done it was too late for her to avoid the accident. We conclude, therefore, that the action of the Court of Appeal in dismissing the suit as to Mrs. Bloomenstiel’s insurer (Hardware Mutual) was proper.
 

 We turn now to the holding as to Maryland, the insurer of Dake’s Volkswagen. Here again we agree with the Court of Appeal that the evidence preponderately supports the conclusion that the sole and proximate cause of the accident was the negligent act of Dake in his failing to yield the right-of-way to Mrs. Bloomenstiel. Obviously, he had not looked to his left, because he freely admitted that he did not even see her approaching car until
 
 *275
 
 just seconds before the accident and then as merely a blur.
 

 Revised Civil Code Article 2291, relied on by the Court of Appeal to deny recovery against Dalce’s insurer, provides: “The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
 

 "It amounts to full proof against him who has made it.
 

 “It can not be divided against him.
 

 "It can not be revoked, unless it be proved to have been made through an error In fact.
 

 “It can not be revoked on a pretense of an error of law.”
 

 y As heretofore indicated, we were prompted to grant certiorari herein primarily because we entertained serious doubts that this article applies to testimonial recitations of facts, as distinguished from a confession or an admission of one’s own obligation (either legal or conventional). Further, assuming arguendo that it does, we doubted that the Court of Appeal’s conclusion was correct in view of the provisions of paragraph 4 of the Article which would seem to permit a consideration of all of the evidence and a rendering of judgment according to the true facts, even though the litigant is in error as to his appreciation of those facts. Nevertheless, our present review of the record has made it unnecessary for us to pass upon those legal issues (and we do not do so) inasmuch as we have found that plaintiff’s assertions in the litigation, taken as a whole, do not completely exonerate Dake of the negligence attributed to him by the court’s findings.
 

 Plaintiff did state, as pointed out by the Court of Appeal, that the Dake Volkswagen had come to a stop some two or three feet short of the intersection, at which time there was a green Pontiac proceeding along Perkins Road approaching from the right; that this automobile, traveling approximately 15-20 miles per hour, made a left turn into Essen Lane, cutting somewhat sharply; and that in order to avoid the possibility of such car’s hitting the Volkswagen, Dake pulled sharply to the right, toward the curb and slightly forward, and again came to a stop. Further, he testified that his side of the bus had not then entered Perkins Road.
 

 However, while plaintiff did testify that the Volkswagen came to a stop twice before it was struck, and that it was motionless when he (plaintiff) first noticed the Bloomenstiel car some 30CM100 feet away, he did not state that it was still stopped when hit. Nor did he say that the bus had not commenced going forward again after the second stop. (In fact he was not asked specifically by any counsel whether it remained still after the second stop, or, phrased another way, whether it was still stopped when it was hit.) It is entirely possible, and consistent with plaintiff’s recitation of
 
 *277
 
 facts, as well as the testimony of Mrs. Bloomenstiel and the disinterested witnesses, that Dake, being unmindful of the oncoming Bloomenstiel car, proceeded forward again after his second stop, thus placing his vehicle so far into the intersection as to make it impossible for Mrs. Bloomenstiel to avoid striking it.
 

 We cannot say, therefore, that plaintiff’s testimony completely exonerates Dake of the actionable conduct attributed to the latter by the allegations of the second supplemental petition, that is, that Dake negligently moved his car forward into Perkins Road in the face of oncoming traffic. Consequently, even if Article 2291 might be applied to testimonial recitations of fact, it is not appropriate under the circumstances presented here.
 

 Although we would not feel justified in finding Dake negligent on the assertions of plaintiff alone (as we have pointed out they neither affirm nor deny a crucial fact), the testimony of Mrs. Bloomenstiel, of the disinterested witnesses who observed the accident, and of Dake himself convinces us that the latter’s failure to look for traffic coming from his left (and, as a consequence, his failure to yield the right-of-way to Mrs. Bloomenstiel who was proceeding on a favored street) was the sole and proximate cause of the collision. And for such negligence his insurer is liable.
 

 Inasmuch as the Court of Appeal did not pass upon the issue of quantum of damages we shall, according to our usual procedure, remand the cause to that court for the purpose of having it determine the amount plaintiff is entitled to recover from Maryland.
 

 For the reasons assigned the judgment of the Court of Appeal is affirmed insofar as it dismisses plaintiff’s suit against Hardware Mutual Casualty Company. Otherwise such judgment is reversed, and the case is remanded to that court to be proceeded with according to the views herein expressed. The defendant Maryland Casualty Company shall pay all costs.