SAMUEL, Judge.
This suit for personal injuries and medical expenses arises out of an automobile-truck collision. Plaintiffs are Lloyd Jackson, Sr., Mrs. Kathleen Lee, Mrs. Lena Porea, and the husbands of Kathleen Lee .and Lena Porea, Joseph Lee and Oscar Porea. There are two defendants, Gulf Insurance Company, the automobile driver’s liability insurer, and Maryland Casualty 'Company, liability insurer of the truck. The trial court judgment was in favor of iboth defendants and dismissed the suit as to. all plaintiffs. All plaintiffs have appealed therefrom.
The accident happened during the early afternoon of a clear day a short distance north of Lockport on Louisiana Highway 308. At the point where the collision oc■curred the highway was a straight, two-lane, blacktopped road. The injured plaintiffs were in an automobile owned by one ■of them, Lloyd Jackson, Sr., and being ■driven by his son, Lloyd Jackson, Jr. Lloyd Jackson, Sr. occupied the front seat next to the door, Kathleen Lee was sitting on the front seat between Jackson, Sr. and the driver, and Lena Porea was on the back seat.
Generally (we will discuss the testimony given by the injured plaintiffs in more detail later in this opinion), the plaintiff passengers and their driver testified the automobile was being operated in a proper manner, at a proper speed and on its proper side of the highway when the truck, which was approaching from the opposite direction, suddenly pulled across the center of the liighway and struck their vehicle, the collision taking place in the automobile’s correct lane of travel.
The other vehicle involved in the accident was a pickup truck owned by the operators of a store in Lockport. The truck’s occupants, an adult driver and two boys, were engaged in delivering advertising circulars. One of the boys was injured .and did not remember some of the details •of the accident. But the combined testimony of the driver and the other boy is to the effect that the truck had been driven about halfway off the highway on its extreme right and stopped in order to pick up some circulars which had blown off the truck; that one of the boys was standing in the bed of the truck and the other was passing circulars to him, when the plaintiff automobile drove across the center line, and across the road, and struck the truck; that the collision took place at or near the edge of the highway in the truck’s lane of travel and occurred after the truck had been stopped for several minutes. The record contains other testimony showing that after the collision there were skid or tire marks running from the automobile’s side of the road across the center of the highway to the impact point on the truck’s side of the road.
The trial court concluded the driver of the truck was not guilty of negligence and on that ground dismissed the suit against the truck’s insurer, Maryland Casualty Company. The suit was dismissed as to the other defendant, Gulf Insurance Company, the insurer of the plaintiff automobile driver, on the ground that the testimony of each of the three plaintiff passengers completely and unequivocally exonerated that driver from negligence and therefore operated as a judicial confession under LSA-C.C. Art. 2291, precluding a recovery by the plaintiffs against Gulf.
In this court appellants do not contest the trial court’s finding of no negligence on the part of the truck driver and concede that on the basis of that finding their suit against Maryland was dismissed properly. But appellants contend they are entitled to recover against the other defendant, Gulf, because: (1) the rule relative to judicial confessions under LSA-C.C. Art. 2291, relied on by the trial court as to Gulf, is not applicable in tort suits; and alternatively, (2) even if the rule and codal article do apply in tort cases, plaintiffs are entitled to recover against Gulf because the testimony of the plaintiff passengers did *86 not completely and unequivocally exonerate the driver of the plaintiff automobile.
Civil Code Article 2291 provides:
“The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
It amounts to full proof against him who has made it.
It can not be divided against him.
It can not be revoked, unless it be proved to have been made through an error in fact.
It can not be revoked on a pretense of an error in law.” LSA-C.C. Art. 2291.
The above quoted Article 2291 first was applied to plaintiff testimonial recitations of facts in tort cases by this court in Thompson v. Haubtman, 18 La.App. 119, 137 So. 362 (1931). Since 1931 the rule thus established, that where the testimony of a passenger completely and unequivocally exonerates his driver from negligence, such testimony operates as a judicial confession under LSA-C.C. Art. 2291 and precludes a recovery by the testifying passenger against that driver, has been applied consistently in many Louisiana Courts of Appeal tort cases, either by denying a recovery on the basis of a judicial confession under the article, or by a recognition of the applicability of the article with a finding that the testimony involved did not completely and unequivocally exonerate the host driver. See Steiner v. Employers Liability Assurance Corp., 182 So.2d 345 (3d Cir. La.App.1966); Matchum v. Allstate Insurance Company, 180 So.2d 767 (1st Cir. La.App.1965); Reynolds v. Hardware Mutual Casualty Company, 178 So.2d 412 (1st Cir. La.App.1965); Hebert v. Aetna Casualty and Surety Company, 172 So.2d 121 (1st Cir. La.App.1965); Franklin v. Zurich Insurance Company, 136 So.2d 735 (1st Cir. La.App.1962); Stroud v. Standard Accident Insurance Co., 90 So.2d 477 (2d Cir. La.App.1956).
We note that certiorari was granted in Reynolds v. Hardware Mutual Casualty Company, supra, and the Supreme Court of Louisiana recently handed down its opinion and decree in that case, (the Supreme Court of Louisiana, 186 So.2d 588, handed down on May 2, 1966). However, while the Supreme Court opinion states certiorari was granted because the court entertained a serious doubt that C.C. Art. 2291 applied to testimonial recitations of facts and further entertained doubt that the Court of Appeal conclusion in the case was correctjn view of the fourth paragraph of the article which would seem to permit a consideration of all the’ evidence and a rendering of judgment according to the true facts, the court expressly did not pass thereon. Instead, the Court found the plaintiff’s testimony, taken as a whole, did not completely exonerate her host driver and held that such a finding made it unnecessary to pass on those issues.
In view of the extensive Court of Appeal jurisprudence, now sufficient, we believe, so as to require that any change therein be made by the Supreme Court or by the legislature, as well as of the fact that we agree with the rule first established by this court in 1931, we hold the rule and the-codal article are applicable in tort cases- and in the instant case. We therefore proceed to an examination of the testimony-given by each plaintiff passenger.
The testimony of the two plaintiffs in. the front seat of the Jackson car, Lloyd Jackson, Sr. and Kathleen Lee, is similar. Each testified he or she first saw the truck approaching on a straight stretch of the-highway when the truck and the automobile were about a block or slightly less than a block apart; at that time each vehicle was-traveling in its proper lane and the automobile was being driven at a reasonable-rate of speed; when the vehicles were very close to each other the truck suddenly-swerved across the center of the highway- *87 into the automobile’s lane of travel and struck the automobile; the automobile remained in its proper lane before, at the time of and after the impact.
The testimony of those two witnesses was completely consistent and unequivocal with regard to facts establishing an absence of negligence on the part oí Jackson, Jr., the driver of the plaintiff automobile, and placing the only negligence involved in the accident on the part of the driver of the truck. Under these circumstances we are of the opinion that the plaintiffs Lloyd Jackson, Sr., Kathleen Lee and the husband of Kathleen Lee, Joseph Lee (who did not testify), are precluded from recovering against Gulf, the insurer of Jackson, Jr.
We have reached the opposite conclusion insofar as Lena Porea, the third •plaintiff passenger, and her husband are ■concerned. She did testify she saw the truck just before it hit the car, that it was :angling towards the automobile at the time and that the automobile was on its correct side of the road and didn’t cross to the other side of the road and hit the truck. However, she also testified she did not see the truck before the collision, she only thought ■the truck stopped after the collision, that ■prior to the collision she saw the truck ■only once when it was some distance.down ■the road and she didn’t look in that direction any more and didn’t again see the truck ■until after the collision had taken place. We are satisfied from all of her testimony •that she saw very little, if any, of the accident from her position on the back seat of the automobile. She was much more interested in looking for a place to go fishing and, generally, most of the answers she ■gave relative to the manner in which the accident happened were answers to ques■tions on cross examination which appeared -to confuse her. In any event, we find her testimony as to the facts of the accident is -not completely consistent and unequivocal -with regard to an absence of negligence on -the part of the automobile driver. To the contrary, we find that testimony to be almost completely inconsistent. Her husband did not testify. Accordingly, we are of the opinion that Lena Porea is entitled to recover from Gulf for her injuries and her husband is entitled to recover from that defendant the medical expenses incurred as a result of the injuries suffered by his wife.
Lena Porea was approximately 55 years of age at the time of the accident and was regularly employed as a housekeeper at Charity Hospital in the City of New Orleans. The impact caused her to strike her chest on the front seat of the car and her left leg was pinned under that seat. She testified she sustained an injury to the chest, Which caused her considerable pain, a laceration of one eyelid and a deep laceration of the leg. She was brought to Charity Hospital immediately after the accident. X-rays taken there, apparently of the chest, were negative. She was given some emergency treatment and told how to take care of her injuries. She did not return for further treatment but, in accordance with the instructions she had been given, she bathed the injured leg regularly while working at Charity. The leg injury became infected and did not heal until approximately three months after the accident. She lost no time from work and received no medical treatment other than on the one occasion when taken to Charity. The only evidence contained in the record relative to her injuries is her own testimony and a hospital report which is incomplete, inconclusive and unsatisfactory from an evidential standpoint.
In brief, counsel for Lena Porea suggests she is entitled to an award of $1,000 while counsel for Gulf suggests that any award to this plaintiff should not exceed $300. We are of the opinion that the sum of $500 is adequate compensation for her injuries. In addition, her husband is entitled to an award of $42.50, the total amount of proven hospital charges.
For the reasons assigned, the judgment appealed from is reversed only insofar as it *88 dismisses the suit of the plaintiffs Lena Porea and Oscar Porea. The judgment is amended so as to order that there be judgment in favor of plaintiff, Lena Porea, and against the defendant, Gulf Insurance Company, in the full sum of $500, with legal interest thereon from date of judicial demand until paid, and that there be further judgment in favor of plaintiff, Oscar Por-ea, and against the defendant, Gulf Insurance Company, in the full sum of $42.50, with legal interest thereon from date of judicial demand until paid; costs in the trial court as to these two plaintiffs to be paid by Gulf Insurance Company. As thus amended, and in all other respects, the judgment appealed from is affirmed;' costs in this court to be paid by appellee, Gulf Insurance Company.
Reversed in part; affirmed in part.