LOTTINGER, Judge.
This is a suit for damages resulting from an automobile accident. The essential facts of this accident are reported at 178 So.2d 412, wherein we held in favor of both defendants and against petitioner, dismissing petitioner’s action. The Supreme Court granted a Writ of Certiorari and at 249 La. 268, 186 So.2d 588, the Supreme Court affirmed the decision of this Court insofar as it dismissed the plaintiff’s suit against Hardware Mutual Casualty Company, but reversed the decision of this Court as to the dismissal of plaintiff’s suit against Maryland Casualty Company, and remanded the case to this Court for further proceedings. This matter is presently before us on the question of quantum.
The petitioner, Douglas P. Reynolds, was 39 years of age at the time of the accident. He was employed by Gulf States Utilities as an operator of a power house, and was so employed at the time of the trial. As a result of the accident, petitioner was rendered momentarily unconscious and received lacerations of the forehead, right side of his face, upper lip and mouth; bruises and abrasions of the left shoulder, the left and right knee, and the lower leg, plus other minor bruises and abrasions. He received a scar which runs diagonally from the middle of his right eyebrow to the middle of his forehead at the hairline. There were a total of 50 stitches taken in the face of the plaintiff. He was confined to the hospital for four days, and was off from work for approximately one month.
Due to the impact that the plaintiff received during the accident, several of his teeth were fractured, and it was subsequently necessary that these fractured and broken teeth be ground down, so that the edges would not be irritable to his oral tissues. Expert testimony was introduced to show that once a tooth has been filed down, that the tooth is more susceptible to sensitivities. It was further testified that a tooth would be very sensitive to extreme thermal changes, acidity in the saliva and foods, if the *372 cap or enameled portion of the tooth had been broken off. The dental expert who testified on behalf of the plaintiff had only examined the plaintiff approximately two weeks prior to the trial, and therefore had not the opportunity to fully know the condition of the plaintiff as a result of the accident.
In addition to the lacerations on the face of the plaintiff, he also received lacerations inside his mouth, with the lip being pulled away from the gum in the mouth, and it being necessary that stitches be taken inside of his mouth. The plaintiff also received what was diagnosed as a “suspicion of a fracture” of the seventh cervical vertebra.
The plaintiff’s wife testified that her husband does not do as well now the things that he did prior to the accident, and that he tires quickly. She also stated that he complains mostly of his knee, and that he also complains of headaches. The plaintiff testified that he has frequent headaches, that he has a stiff shoulder and knee, and that he cannot do the things that he used to do, prior to the accident. He stated that he has difficulty in driving his automobile inasmuch as he must drive with the seat all of the way back, because if his leg is bent for any period of time, it gets stiff. He also testified that his mouth bothers him quite often, and that he has no sensation there. Prior to the accident, the plaintiff frequently flew an airplane, but he testified that since the accident he does not fly, because of the difficulty of getting in and out of the cockpit.
After trial by jury, the plaintiff was awarded $18,000.00 for his personal injuries. The question now before this Court is whether this award by the jury was excessive and if so, whether it was so excessive as to create an abuse of the discretion granted to the Trier of Fact.
In commenting on Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149, the Louisiana Supreme Court in Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64, 67, stated:
“On appeal, if the appellate court affirms the lower court and quantum is the issue, the court should then review all the facts and circumstances on which the lower court based the quantum of award, but this review is confined to determining whether there has been an abuse of the ‘much discretion’ vested in the trial court in assessing damages. After a review of all the facts and circumstances, if the appellate court finds that there has been an abuse of discretion, the amount of the award should be increased or decreased as the case warrants. * * * In resolving the question of whether the jury in fixing the amount of the award in the Gaspard case had abused the discretion vested in it by law, we pointed out that ‘ * * * jn vjew 0f our codal provisions, the appellate courts should consider the amounts of awards in other cases only so far as they are relevant to the question of whether the judge or the jury has abused its discretion in fixing the award in the case under consideration.’ However, an appellate court should not fix the amount of the award solely to maintain uniformity of awards, thus ignoring the prerogatives of the trial judge or jury in assessing awards in such cases, as set forth in Art. 1934 of the Civil Code. The amounts of awards in so-called ‘similar’ cases are relevant only to determine whether there has been an abuse of discretion, but for no other purpose— that is, to determine whether the award is so excessive or so inadequate as to be an abuse of discretion. In this connection it must always be remembered, as said in Gaspard, that ‘ * * * cases relied upon may be similar in that each of them involves a similar injury such as ■ a broken arm, the loss of some member of the body. Thereafter, however, the similarity ceases for each case is different, and the adequacy or inadequacy of the award should be determined by the facts *373 and circumstances peculiar to the case under consideration.’ ”
In Luquette v. Bouillion, 184 So.2d 766, La.App. 3rd Cir. (1966), the plaintiff received a severe “whiplash” type injury, and she was confined to the hospital for twelve days with heavy medication for the relief of pain and to reduce symptoms. Due to crippling manifestations of the pain, she was again hospitalized at two subsequent dates, one of these being for nine days. There was no question but that she had suffered severe sprain injuries in the cervical and lumbar areas of the spine. The plaintiff was awarded $15,000.00 for her pain and suffering, plus special damages. In Estes v. Hartford Accident and Indemnity Company, 187 So.2d 149, La.App. 2nd Cir. (1966) cert. denied, the injured plaintiff was a 39 year old woman, who received very severe injuries to the chin, mouth and teeth and to her knee, shoulders, neck and spine. She was required to stay in bed for four weeks, and was not able to return to work for some two months. Six of her teeth were torn backwards, and four of these were dead or nonvital. She received a deep cut in her left knee which resulted in a 5 to 8% permanent disability. She was awarded $10,000.00. In Evers v. State Farm Mutual Automobile Ins. Co., 187 So.2d 217, La.App. 3rd Cir. (1966), the plaintiff was injured in an automobile accident, and as a result thereof, he suffered with severe headaches and with pain in his neck, and in his shoulder blades and radiating down his left arm. He described the pain as being intermittent and that at times it became tremendous or extreme or unbearable. The medical testimony pointed out that he had received a possible disc injury and that it would be of a permanent nature. The Court awarded this plaintiff the sum of $6,500.00.
Considering these awards in very recent cases, we are of the conclusion that the award of $18,000.00 to the plaintiff was an abuse of the discretion of the Trier of Fact, and that therefore this award should be reduced to $7,500.00.
Medical expenses as proven by the plaintiff amounted to the total of $481.30. These expenses included a hospital bill of $200.30, ambulance service of $12.00, and doctors’ fees of $269.00. Therefore, the sum of $481.30, in addition to the above $7,500.00 is also awarded to the plaintiff as damages.
For the foregoing reasons, the judgment is amended so as to decrease the award in favor of the plaintiff, Douglas P. Reynolds, from $18,000.00 down to $7,981.30, together with legal interest from date of judicial demand until paid, subject to the policy limits of Maryland Casualty Co.
Judgment amended.