BARNETTE, Judge.
This appeal involves two cases arising from a single automobile-truck collision. The cases were consolidated for both trial and appeal.
In suit No. 2686, the plaintiff Mrs. Leo-nise Collins, wife of Abraham Smith, seeks damages for personal injuries sustained when a car driven by her husband collided with a truck owned and operated by Jefferson Parish Garbage District No. 1. She was a guest passenger in a car owned by Wallace A. Smith, her son, and insured by New York Fire and Marine Underwriters, Inc., and driven with the consent of the owner by Abraham Smith. Made defendants in that suit are New York Fire and Marine Underwriters, Inc., and Fireman’s Fund Insurance Company, the latter being the liability insurer of Jefferson Parish Garbage District No. 1. From a judgment in that suit in favor of plaintiff against New York Fire and Marine Underwriters, Inc., solely, in the amount of $5,000, Mrs. Smith has appealed devolutively. She seeks an increase of quantum and judgment also against Fireman’s Fund. New York Fire and Marine has taken a suspensive appeal from that judgment.
In suit No. 2687, Jefferson Parish Garbage District No. 1 and Fireman’s Fund Insurance Company are plaintiffs seeking judgment against Abraham Smith and his insurer, New York Fire and Marine Underwriters, Inc., for damage to the garbage truck in the amount of $541.65. Jefferson Parish Garbage District No. 1 sought $250 of this amount, which was the deductible portion of the damage incurred by it; and Fireman’s Fund sought judgment for the *393 balance ($291.65), which was the amount paid under its property damage coverage. From a judgment for these plaintiffs as prayed, the defendants Smith and New York Fire and Marine have appealed sus-pensively.
The accident occurred in Jefferson Parish on February 27, 1964, shortly after 10 a. m., on Highway 90, a few miles west of the Huey P. Long Bridge. Both vehicles were proceeding toward the bridge. The weather was misty, necessitating the use of windshield wipers, and puddles of water caused an occasional splash. Highway 90 at that point is a four-lane, divided highway, with two lanes for traffic on each side of a neutral zone. The traffic lanes are separated by a broken white line.
The truck, described as a large stake body truck designed for hauling and dumping garbage, was being driven by Frederick B. Teoulet, an employee of the Garbage District. Teoulet had dumped a load of garbage at the Jefferson Parish garbage dump about two miles west of the accident site, and was returning with the empty truck. On leaving the garbage dump it was necessary for him to cross the westbound traffic lane, pass through a break in the neutral zone and make a left-hand turn toward the river. He negotiated this turn without incident after awaiting traffic clearance. Teoulet turned into the eastbound traffic lanes behind a truck, described as a shrimp truck, which was proceeding toward the bridge. He followed the shrimp truck for approximately two miles before the accident occurred.
The Smith vehicle, a Chevrolet automobile, was proceeding some distance behind the garbage truck. The three vehicles continued along the highway with the shrimp truck gaining distance on the garbage truck, and the Smith car overtaking the garbage truck. Mr. Smith moved into the left lane with the intention of passing the garbage truck. Teoulet testified that he saw the Smith car overtaking his truck and continued forward in the right-hand lane to allow Smith to pass between the truck and neutral zone. In attempting to pass, the Chevrolet collided with the garbage truck.
Mr. and Mrs. Smith testified that the truck turned suddenly into the left lane just as the Chevrolet was about even with the rear wheels of the truck. Mr. Teoulet and one of the passengers in the truck[1] testified thát the truck continued straight forward in the right lane and did not turn into the path of the Smith car at any time. They both stated that Smith lost control of the Chevrolet and skidded into the side of the truck. This is the issue of fact upon which the question of fault and liability rests. The trial judge aptly stated: “There is no middle ground in their testimony. Either the garbage truck pulled into the left lane causing the collision, or Mr. Smith ran into it while it was in the right lane.” He concluded: “Considering all of the testimony, the Court is of the opinion that the preponderance of the evidence shows no negligence on the part of the truck driver, Mr. Teoulet, and shows that Mr. Smith negligently ran his automobile into the truck.”
Findings of fact, such as found here by the trial judge, will not be overturned except for manifest error. This is so well settled in our jurisprudence that we need cite no authority for such statement. The witnesses here are equally divided in number, the driver and a passenger on each side. They are in direct conflict. The trial judge found the testimony of the truck driver and his helper-passenger to be more convincing than that of Mr. and Mrs. Smith, and we find no reason to hold to the contrary. Furthermore, the explanation of the cause of the accident given by Teoulet is much more credible.
The garbage truck was functioning improperly because of a broken rocker arm which caused it to lose compression. In *394 this condition it was incapable of fast acceleration. We attach no credence to the argument that the garbage truck turned into the left lane in an attempt to pass the shrimp truck, which was well ahead and gaining distance. As already stated, Teou-let testified that he saw in his rear view •mirror the approaching Smith car and was aware of its moving into the passing lane. It is inconceivable that he would knowingly turn into its path, and we find no reason to believe that he did so unwittingly. There was no defect in the steering mechanism, and we reject counsel’s argument that Teoulet had difficulty in keeping the truck In a straight line. Teoulet’s admission of difficulty with the truck related only to the •motor malfunction.
On the other hand, we think it is more likely that, as Mr. Smith was about to pass the truck, the muddy mist thrown up by the truck fouled his windshield. This would account for his sudden application of brakes, which caused his car to go into a spin. Roth Mr. and Mrs. Smith testified that the car began to spin clockwise after its brakes were applied, striking the left side of the truck possibly three times as it spun around out of control. The trial judge attached significance to the fact that the Smith car, when spinning clockwise, neither ran up on the neutral ground nor struck the curbing. This, we must agree, would seem probable if the truck suddenly turned into the path of the Smith car as Mr. and Mrs. Smith testified.
We think the conclusion reached by the trial judge is amply supported by the testimony and all other evidentiary circumstances, and it will not be disturbed.
The only question of law presented for our consideration is raised by the defendant New York Fire and Marine Underwriters, Inc. They contend that the testimony of Mrs. Smith, plaintiff in suit No. 2686, absolves her husband of negligence, which relieves it, his insurer, of liability. It is argued that her testimony, which is defensive of her husband, amounts to a judicial confession under LSA-C.C. art. 2291. In support of its argument it relies on Franklin v. Zurich Insurance Company, 136 So.2d 735 (La.App. 1st Cir. 1961) (certiorari denied), and Thompson v. Haubtman, 18 La.App. 119, 137 So. 362 (Orleans 1931) (certiorari denied). However, it fails to point out to us by what theory this alleged judicial confession would preclude recovery by Jefferson Parish Garbage District No. 1 and its insurer, plaintiffs in suit No. 2687. If the evidence justifies a recovery by the plaintiffs in that case, which of course can only be allowed if Mr. Smith’s negligence was the proximate cause of the accident, it would not only be inconsistent to deny Mrs. Smith’s recovery for the same negligence, but it would be an obvious miscarriage of justice.
In the Franklin case the court cited with approval the rationale followed in Thompson v. Haubtman, supra, and discussed the decisions in Bowers v. Hardware Mutual Casualty Company, 119 So.2d 671 (La.App.2d Cir. 1960), and Stroud v. Standard Accident Insurance Co., 90 So.2d 477 (La.App.2d Cir.1956). It found that case (Franklin) to be similar to Thompson v. Haubtman, wherein it was held that plaintiff was bound by her testimony exonerating her host driver. It further found that the distinction made by the court in Bowers and Stroud, which took them out of the rationale of Thompson v. Haubtman, could not be made in the Franklin case. We hold that the instant case is more similar factually to Bowers and Stroud; and the distinction made in those cases, which takes it out of the rationale of Thompson v. Haubtman, is equally applicable here. Furthermore, we think our conclusion — that Mrs. Smith’s testimony does not preclude her recovery against her husband’s insurer — is fully supported by the opinion of the Supreme Court in Reynolds v. Hardware Mutual Casualty Company, 249 La. 268, 186 So.2d 588 (1966).
*395 In the Reynolds case the Court of Appeal, 178 So.2d 412 (1st Cir. 1965), found that the accident was caused solely by the negligence of the host driver. Nevertheless, it said “ * * * that the testimony of the petitioner amounted to a judicial confession insofar as any negligence of Mr. Dake [the host driver] is concerned,” citing LSA-C.C. art. 2291 and Franklin v. Zurich Insurance Company, supra, and accordingly denied recovery. Certiorari was granted and the Supreme Court reversed. The Court said:
“As heretofore indicated, we were prompted to grant certiorari herein primarily because we entertained serious doubts that this article applies to testimonial recitations of facts, as distinguished from a confession or an admission of one’s own obligation (either legal or conventional). Further, assuming arguendo that it does, we doubted that the Court of Appeal’s conclusion was correct in view of the provisions of paragraph 4 of the Article which would seem to permit a consideration of all of the evidence and a rendering of judgment according to the true facts, even though the litigant is in error as to his appreciation of those facts. Nevertheless, our present review of the record has made it unnecessary for us to pass upon those legal issues (and we do not do so) inasmuch as we have found that plaintiff’s assertions in the litigation, taken as a whole, do not completely exonerate Dake of the negligence attributed to him by the court’s findings.
*1* ^ 5^ Sjc
“We cannot say, therefore, that plaintiff’s testimony completely exonerates Dake of the actionable conduct attributed to the latter by the allegations of the second supplemental petition, that is, that Dake negligently moved his car forward into Perkins Road in the face of oncoming traffic. Consequently, even if Article 2291 might be applied to testimonial recitations of fact, it is not appropriate under the circumstances presented here.” 186 So.2d at 590-591.
In the very recent case of Matchum v. Allstate Insurance Company, 249 La. 1005, 192 So.2d 364 (1966), the Supreme Court had occasion again to consider this question. There it held that the testimony of the plaintiff was:
“ * * * not consistent to a degree that no uncertainty exists. Her testimony is not unequivocal and, as stated supra, does not exonerate Turner from negligence. It is not tantamount to a judicial confession; therefore, Article 2291 is not appropriate to the circumstances involved herein. [Citing Reynolds, Franklin, Stroud, Thompson, and other cases.]” 192 So.2d at 368.
Thus, there is the implication that Article 2291 might have applied if the plaintiff’s testimony had been more positive and unequivocal.
We think the situation exists here as in Reynolds v. Hardware Mutual Casualty Company, supra. The plaintiff, Mrs. Smith, alleged in her petition the negligence of her husband in the following particulars:
“a. Failing to keep a proper lookout.
b. Failing to keep his automobile under proper control.
c. Applying his brakes in a negligent manner so as to cause his automobile to skid.”
In spite of her testimony, the conclusion reached by the trial judge — that Mr. Smith was in fact guilty of the negligence alleged by Mrs. Smith — is amply supported when the other testimony and the physical facts are considered together.
As in most host driver cases, the guest is inclined naturally to a version of the accident defensive of the host. In the present case, since there is a $5,000 limit in the liability insurance coverage on the host vehicle, and since plaintiff’s recovery of medical expenses, which is the obligation of the community, is precluded because of the husband’s negligence, it would be to her *396 distinct advantage if the truck driver’s negligence could be established. This is a factor to be considered in evaluating plaintiff’s testimony.
Since plaintiff’s recovery is limited by the terms of the insured’s policy with defendant New York Fire and Marine Underwriters, Inc., our only point in considering the adequacy of the judgment is to determine if the award of $5,000 was excessive.
Mrs. Smith sustained a mild to moderate cervical and lumbosacral sprain. Immediately following the accident of February 27, 1964, she had symptoms of nausea, nervousness, and severe back and leg pains. She did not respond favorably to relaxant and pain relieving drugs following the initial examination, and she was hospitalized from March 1 until March 10. She continued under treatment of her physician until June 9, when she was discharged. Mrs. Smith’s pains continued, and in the following year she was hospitalized six times totaling 45 days. These periods of severe pain continued for approximately two years. To some extent her injuries were aggravated by causes not associated with the accident, but we find no abuse of discretion by the trial judge in awarding $5,000 for pain and suffering. The award is not excessive, and for the reasons stated above, it need not be considered further. Fontenot v. Grain Dealers Mutual Insurance Co., 170 So.2d 513 (La. App.3d Cir. 1965); Wright v. State Farm Mutual Automobile Insurance Co., 169 So. 2d 623 (La.App.2d Cir. 1964); St. Blanc v. Andras, 148 So.2d 850 (La.App.4th Cir. 1962).
In suit No. 2687, there appears to be no issue of damages to the garbage truck and the judgment' will be affirmed.
For the foregoing reasons, the judgments appealed from in both cases, Nos. 2686 and 2687, on the docket of this court, are affirmed at appellants’ cost.
Affirmed.

. There were three helpers riding in the truck cab with Teoulet. Two of them were not available at time of trial, their whereabouts being unknown.