SAMUEL, Judge.
This suit arises out of a collision between two automobiles. Plaintiff, husband of the driver of one of those cars, appears individually and on behalf of his three minor children, who were passengers in the car at the time of the accident, seeking a recovery for personal injuries to the children and resulting damages in the form of medical expenses, etc. to himself. The defendants are Burton (his name appears incorrectly in the title as Burto and was corrected during the trial) J. Gaudet, Sr., father of the minor driver of the other car, New York Fire And Marine Underwriters, Inc. (this name also appears incorrectly in the title and was corrected during the trial), liability insurer of the defendant vehicle, and The Connecticut Fire Insurance Company, liability insurer of the plaintiff vehicle.
After trial there was judgment in favor of the plaintiff only on behalf of his three children for the injuries sustained by them and only against one defendant, The Connecticut Fire Insurance Company, insurer of the plaintiff vehicle; in all other respects the j udgment was in favor of all defendants and dismissed plaintiff’s suit at his cost. The judgment is based on a trial court finding of negligence on the part of the plaintiff driver and no negligence on the part of the defendant driver. Plaintiff has prosecuted this appeal from that portion of the judgment which is in favor of the defendants, Gaudet and New York Fire And Marine Underwriters, Inc. and dismisses the suit as against them.
The accident occurred at approximately 10:30 p. m. on a clear night in the intersection of Fifth and Lafayette Streets in the City of Gretna. At that time the intersection was controlled by an electric semaphore traffic signal, suspended above the center of the intersection, which was flashing red for traffic on Lafayette and yellow or amber for traffic on Fifth. Both streets accommodate two-way traffic. Lafayette runs north and south while Fifth runs east and west. The plaintiff vehicle was on Lafayette proceeding in a southerly direction. Young Gaudet, the driver of the defendant automobile who was then 18 years of age, was on Fifth traveling in a westerly direction. The front of the plaintiff car struck the right rear of the defendant vehicle. After the collision the cars came to a stop side by side jammed against a concrete post protecting a fire hydrant in the southwest corner of the intersection.
Mrs. Pecunia, the plaintiff driver, testified : She had been driving in her right (the west) traffic lane on Lafayette intending to cross Fifth and continue south on Lafayette. She stopped for the intersection 5 or 10 feet before entering and looked to her right and to her left; she did not recall in which direction she looked first. There was an open lot to her left containing only about two cars which did not block her vision and she could see approximately one-quarter or one-third of a block on Fifth to her left. Seeing no approaching traffic she then started forward. The next thing she remembered was being taken out of her wrecked vehicle.
Young Gaudet, the defendant driver, testified : He had been traveling at about 30 *513 miles per hour and intended to cross the intersection and continue west on Fifth. As he approached the intersection he slowed to 25 miles per hour. After looking and seeing no vehicles at the intersection and no approaching traffic on Lafayette, he entered the intersection at the 25 mile speed. He did not see the plaintiff vehicle prior to the collision. The right rear of his car was struck by the plaintiff automobile when he was about three-fourths of the way across the intersection, the collision knocking his hands from the steering wheel and throwing him against a window. His car then struck the concrete post protecting the fire hydrant.
The only other witness who gave testimony relative to the occurrence of the accident was a police officer. He arrived on the scene after the occurrence and his testimony was concerned chiefly with the damage to the two vehicles, their positions upon his arrival, and the fact that the posted speed limit in the area recently had been changed from 30 to 25 miles per hour.
In this court appellant makes no contention that the plaintiff driver was free of negligence. The only question before us is whether the defendant driver also was guilty of negligence which was a proximate cause of the accident.
The controlling statute relative to flashing red or yellow traffic signals is the Highway Regulatory Act which provides, inter alia:
“A. Whenever an illuminated flashing red or yellow signal is used in a traffic sign or signal, it shall require obedience by vehicular traffic as follows:
(1)FLASHING RED (STOP SIGNAL) — When a red lens is illuminated with rapid intermittent flashes, drivers of vehicles shall stop before entering the nearest cross-walk at an intersection or at a limit line when marked, or, if none, then before entering the intersection, and the right to proceed shall be subject to the rules applicable after making a stop at a stop sign.
(2)FLASHING YELLOW OR AMBER (CAUTION SIGNAL) — When a yellow lens is illuminated with rapid intermittent flashes, drivers of vehicles may proceed through or past such signal only with caution.
* * *” LSA-R.S. 32:234.
Under the quoted statute the driver facing the flashing yellow or amber signal, here the defendant driver, has the right of way and the right to assume vehicles on the inferior street will honor that right of way. Reynolds v. Hardware Mutual Casualty Company, 249 La. 268, 186 So.2d 588; Jolley v. Continental Southern Lines, Inc., La.App., 170 So.2d 114.
In the instant case we are unable to determine whether the trial judge concluded the plaintiff driver did not stop for the intersection or that, after stopping, she proceeded into the intersection and struck the defendant vehicle while the latter was in and had almost crossed the intersection. But in either event we are satisfied thát the defendant driver, as found by the trial judge, was not guilty of negligence proximately causing the accident.
If, as she testified, Mrs. Pecunia did stop for the intersection, young Gaudet’s failure to see her stopped car is not material because such a failure would not have been a proximate cause of the accident. For had he seen the stopped plaintiff vehicle he would have had the right to rely on the assumption that it would remain in its stopped position and allow him to exercise his right of way.
On the other hand, if Mrs. Pecunia did not stop for the intersection, and even if young Gaudet could and should have seen her approaching car, there is no evidence in the record to suggest either that its approach was such as to reasonably lead him to believe she was not going to stop for the intersection or that there was sufficient time for him to avoid the collision. In this connection we are mindful of the fact that *514 the plaintiff bears the burden of proving negligence on the part of the defendant driver.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.