WESTERN DIST.
October, 1840.

BRANDER ET AL.
*vs.*
FERRIDAY, BEN-
NETT & CO.

=====

## BRANDER ET AL. *vs.* FERRIDAY, BENNETT & CO.

APPEAL FROM THE COURT OF THE NINTH DISTRICT, FOR THE PARISH OF CONCORDIA,'JUDGE DAVIS PRESIDING.

Evidence of the general opinion of the insolvency of a mortgagor, in his neighborhood, to the knowledge of the mortgagees receiving a mortgage in fraud of creditors, is a fact which may be shown to create the presumption of knowledge in the mortgagees.

Presumptive evidence ought not to be rejected, because, alone, it does not operate conviction.

A party cannot offer all his evidence simultaneously, and was not to be controlled in the choice of that which he chooses to offer first. A party to the suit, who is interested, cannot be called as a witness.

A witness will not be allowed to testify that he is ignorant of the law, in relation to a certain transaction, as his want of knowledge is immaterial, and he is bound to know the law.

This is an action in which the plaintiffs sue, as judgment creditors of one Walter Byrnes, to annul a mortgage given by him, as is alleged in insolvent circumstances, to the defendants, in fraud of other creditors.

WESTERN DIST.
*October*, 1840.

BRANDER ET AL.
*vs.*
FERRIDAY, BEN-
NETT & CO.

The plaintiffs show that they obtained judgment against Byrnes, the 12th April, 1839, for thirteen thousand seven hundred and forty-six dollars, which was duly recorded 14th June following. That on the 10th day of November, 1838, Byrnes, being notoriously insolvent and in failing circumstances, executed a mortgage to the commercial firm of Shipp, Ferriday & Co., to secure them in the sum of eleven thousand five hundred and five dollars, which he acknowledged he owed to William Ferriday and Henry L. Bennett, surviving partners of the said firm, &c.; the mortgage was given on some valuable tracts of land and several slaves. The plaintiff alleges that this mortgage was executed at a time when the mortgagor was notoriously insolvent, to the knowledge of the mortgagees, and with the intention of obtaining and giving an unjust preference to them over other creditors, and is fraudulent and illegal as to them, and ought to be annulled.

The plaintiffs further show, that all the foregoing mortgaged property was sold by the sheriff, on the 9th April, 1839, to one Lewis A. Collier, of the said parish of Concordia, as the last and highest bidder, on a credit of twelve months, for the price of seventy-one thousand dollars, who has given his bonds for the several sums due upon the several writs of execution, amounting to about twenty-four thousand dollars, leaving a balance of about forty-seven thousand dollars, retained by the purchaser to pay pre-existing mortgages, and among others, that of the defendants. And they further show, that by said sale Byrnes was left without any property whatever, or any other means of paying his debts. They pray that Collier be made a party, and that said mortgage be cancelled and annulled, as made in fraud of creditors; and that their claim be paid out of the proceeds of said property so sold, to the exclusion of the defendants.

The defendants deny generally, and specially the allegations in the petition. They admit the execution of the mortgage, and aver that it was given in pursuance of an agreement made with Byrnes, twelve months before the date of its execution.

WESTERN DIST.
*October*, 1840

BRANDER ET AL.
*vs.*
FERRIDAY, BEN-
NETT & CO.

Collier answered separately and intervened, setting up a claim of ten thousand six hundred and sixteen dollars and sixty-four cents, with interest, as a judgment creditor of Byrnes, for which he claims to have a lien or mortgage on the proceeds of the property in contest ; which judgment was duly recorded on the 13th April, 1839. He prays that the defendants' mortgage be annulled, as having been made in fraud of creditors, and that he be authorized to retain the amount of his judgment from the proceeds of the sale ; he prays to be allowed a priority of mortgage, and that the plaintiffs' demand be rejected.

The plaintiffs, in answer to the demand in intervention, deny that the intervenor is entitled to any preference, as a creditor of Byrnes, over them, but aver that their claim, as privileged creditors by judicial mortgage against Byrnes, is better, and of higher dignity than the claim set up herein by Collier, and should be preferred to his.

Collier came in, discontinued his demand in intervention, and reserved his claim for a separate action.

The plaintiffs proceeded to trial, and produced a mass of testimony to show the insolvency of Byrnes, their debtor, at the time of executing the mortgage in contest.

There are several bills of exception taken to the refusal of the court to receive the plaintiffs' witness ; and also testimony offered to show the insolvency of Byrnes :

1. To Brown Cozzens, who was offered to prove that Byrnes was generally considered as insolvent at the time of making said mortgage : objected to, as not legal evidence of the insolvency, or of knowledge on the part of the defendants.

2. A. L. Wilson was offered to prove the same fact, and objected to on the same grounds.

3. Lewis A. Collier, one of defendants, was offered to prove that a few weeks after the execution of the mortgage, defendant, Ferriday, told witness that he was apprehensive of the insolvency of Byrnes, and offered to contribute with witness, who was also a creditor, to the expense of bringing some negroes back, which were not included in the mortgage. Both the witness and testimony were rejected, on the grounds

that Collier was a party to the suit, and creditor of Byrnes, and interested.   Collier being in court, however, was allowed to be examined on facts and articles, as to matters relevant to the issue.   Evidence that Byrnes was generally considered as insolvent, was deemed inadmissible to prove insolvency, but entitled to its proper weight, to show knowledge of the insolvency, if otherwise proved, in the defendants at the time of the contract of mortgage.

WESTERN DIST.
*October*, 1840.

BRANDER ET AL.
*vs.*
FERRIDAY, BENNETT & CO.

There was judgment rejecting the plaintiffs' demand, on the reasons set forth in 4 *Louisiana Reports*, 427, and they appealed.

*Dunbar* and *Hyams*, for the plaintiffs, insisted that the witnesses and testimony should have been received ; and that the case should be remanded to let in this testimony.

*Ogden*, for the defendants, *urged* the affirmance of the judgment.

*Martin, J.*, delivered the opinion of the court.

The plaintiffs seek to set aside a mortgage, on the ground of the insolvency of the mortgagor at the time it was given, and that its object was to give an unjust preference to the mortgagees over other creditors.   There was judgment against the plaintiffs, and they appealed.

The case is before us on four bills of exception, taken by the counsel of the plaintiffs and appellants, to the rejection of four of their witnesses.

1. Cozzens, the first witness, was offered to prove that at the date of the mortgage, Byrnes, the mortgagor, was generally considered to be insolvent.

2. Wilson was offered to prove the same facts, and objected to on the same grounds.

The objection to the testimony of these witnesses was, that evidence of Byrnes being generally considered to be insolvent, at the time of the mortgage, was not legal *evidence* of the actual insolvency of Byrnes, or of the knowledge, on the part of the defendants, that he was insolvent.

BRANDER ET AL.
*vs.*
FERRIDAY, BEN-
NETT & CO.

Evidence of the general opinion of the insolvency of a mortgagor, in his neighborhood, to the knowledge of the mortgagees receiving a mortgage in fraud of creditors, is a fact which may be shown to create the presumption of knowledge in the mortgagees.

Presumptive evidence ought not to be rejected, because, alone, it does not operate conviction.

A party cannot offer all his evidence simultaneously, and is not to be controlled in the choice of that which he chooses to offer first. A party to the suit, who is interested, cannot be called as a witness.

A witness will not be allowed to testify that he was ignorant of the law, in relation to a certain transaction, as his want of knowledge is immaterial, and he is bound to know the law.

It appears to us the court erred. The objection went only to the effect, and not to the admissibility of the testimony. The plaintiffs sought to establish the insolvency of the mortgagor, within the knowledge of the mortgagees. Evidence of the general opinion of the *insolvency,* in the neighborhood of mortgagees, is a fact which may be shown to create a presumption that the mortgagees were not ignorant of it; a presumption which, coupled with others, might induce the belief of the mortgagees' knowledge. Presumptive evidence ought not to be rejected, because, alone, it does not operate conviction. The party cannot offer all his proofs simultaneously; and is not to be controlled in the choice of that which he may first offer.

3. The third witness, Collier, the vendee of the mortgaged premises, had been made a defendant. He was offered to prove, " that a few weeks after the execution of the mortgage, one of the mortgagees told witness he was apprehensive Byrnes was insolvent, and offered to contribute with witness, who was also a creditor of Byrnes, to pay the expenses of bringing back certain slaves, not included in the mortgage, which were sent away from Byrnes' plantation."

Objection was made to the witness and his testimony, on the score of interest, and his being a party to the suit. He had prayed in his answer that the mortgage be set aside; the court, therefore, did not err in rejecting him as a witness.

4. Harris, the last witness of the plaintiffs, having been examined without objection, was recalled to prove that he was not acquainted with the law of Louisiana, in relation to contracts of an insolvent, at the time he was negotiating with Byrnes, as set forth in his testimony; this was objected to, on the ground that the knowledge of witness, in relation to the laws of Louisiana, was *immaterial,* that he was bound to know the law; the objection was sustained, and we think properly.

As the plaintiffs were entitled to the evidence of the two first witnesses, which, in our opinion, were improperly rejected, the case must be remanded, to afford them the opportunity of availing themselves of this testimony: See the case of *Maurin* vs. *Chambers & Williams,* just decided; *ante,* 207.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and that the cause be remanded for further proceedings, and with directions to admit the two first witnesses, as above stated; the defendants and appellees paying the costs of this appeal.