## A. Beer & Co. *v.* Word, Asher & Co.

*The general rule, that a party to the record is not a competent witness, must be observed, unless a necessity is shown in a particular case for a departure from it.*

APPEAL from the District Court of the Parish of Rapides,
·*J. Osborn* and *M. Ryan*, for plaintiffs.   *O. N. Ogden*, for defendants and appellants.

Cole, J.   This is an action on two promissory notes, signed by *Word & Asher*.

Plaintiffs allege, that *Huddleston* was a partner with *Word & Asher* in a commercial partnership, and the notes are due by them *in solido*.

The testimony establishes the partnership and the liability of *Huddleston*, who alone has appealed.

There is a bill of exceptions, taken by appellant to the opinion of the court, refusing to admit his co-defendant, *Word*, as a witness, in order to prove that he, *Huddleston*, " was not a member of the firm of *Word & Asher*, when the note sued on was given, had nothing to do with the debt sued for and was not in any way liable therefor."

It is contended that *Word* was called on to testify against his interest; that if the judgment were rendered against *Huddleston*, as well as against *Word & Asher*, he would be bound for one-third of the amount.   If on the other hand, *Huddleston* should be released by his testimony, witness and *Asher* would be liable alone for the whole debt.

Conceding that the witness, *Word*, would have testified to the truth of the averments, for which he was called by appellant, still this testimony could not change the conclusion to which we have arrived from an examination of the record.

No absolute necessity exists, therefore, in this case, for a departure from the general rule, that a party to the record is not a competent witness.   *Rochelle and Shiff* v. *Musson*, 3 M. 86 ; *McIlvaine* v. *Franklin*, 2 A., p. 622 ; C. C. 2260.

Judgment affirmed, with costs of appeal.