199 So.2d 886

Lloyd JACKSON, Sr., et al.

v.

GULF INSURANCE COMPANY et al.

No. 48355.

June 5, 1967.

Rehearing Denied June 30, 1967.

Gerald P. Fedoroff, O'Keefe, O'Keefe, Fedoroff & Varela, New Orleans, for petitioners.

Robert N. Ryan, Bienvenu & Culver, New Orleans, for defendant-respondent.

SANDERS, Justice.

This action for damages *ex delicto* poses the question of whether the disserving testimony of a plaintiff as to the circumstances of an automobile accident bars his recovery as a judicial confession or conclusive admission, despite other preponderating evidence supporting the liability of the defendant. This recurring question lurked near the surface in two recent decisions of this Court.[1] It must now be resolved.

On November 3, 1962, Lloyd Jackson, Sr., Lena Porea, and Kathleen Lee, plaintiffs herein, were guest passengers in an automobile driven by Lloyd Jackson, Jr. and insured by Gulf Insurance Company. The automobile collided with a pickup truck owned by H. A. Folse Sons and insured by Maryland Casualty Company. At the time of the accident, a Folse employee was driving the truck. He was accompanied by two

1. Matchum v. Allstate Insurance Company, 249 La. 1005, 192 So.2d 364 (1966); Reynolds v. Hardware Mutual Casualty Company, 249 La. 268, 186 So.2d 588 (1966).

boys, who were distributing circular advertisements.

The accident occurred during the early afternoon on Louisiana Highway 308, a short distance north of Lockport. At this point, the highway is a straight, two-laned, blacktopped road. The two vehicles had been moving in opposite directions on the highway.

Lloyd Jackson, Sr. and Kathleen Lee, who were riding in the front seat of the automobile, testified they first saw the truck approaching when the two vehicles were about a block apart. At that time each vehicle was moving at a reasonable speed in its proper lane. After the vehicles were very close to each other, so they testified, the truck suddenly swerved across the center of the highway, striking the automobile in its lane of travel.

The testimony of plaintiff Lena Porea corroborated that of the other plaintiffs in some respects, but her testimony failed to completely absolve the automobile driver from negligence.

The three occupants of the truck testified at the trial. Having been injured in the collision, one of the delivery boys was unable to recall the details of the accident. But the combined testimony of the driver and the other delivery boy was to the effect that at the time of the collision the truck was stopped partially off the highway on the proper side, while one of the delivery boys picked up some circulars that had blown off the truck. The approaching automobile drove across the highway and hit the stopped truck. The record contains other testimony showing that after the collision there were skid or tire marks running from the automobile's travel lane to the impact point on the truck's side of the road.

The trial court found that the automobile crossed the highway and hit the stopped truck, as related by the truck driver and his corroborating witnesses. The court dismissed the suit against the truck driver's insurer, Maryland Casualty Company. The court also dismissed the plaintiffs' suit against the other defendant, Gulf Insurance Company, insurer of the automobile driver, on the ground that the plaintiffs were "precluded from recovery * * * because they testified to no acts of negligence" on the part of the automobile driver. The court held that their testimony operated as a judicial confession under LSA–C.C. Article 2291, barring recovery since it exonerated the automobile driver from negligence. The plaintiffs appealed.

In the Court of Appeal, the plaintiffs attacked the trial court judgment rejecting their demands against Gulf Insurance Company, the insurer of the automobile driver. The Court of Appeal partially reversed and granted recovery to plaintiff Lena Porea, finding that her testimony did not completely exonerate the automobile driver

from negligence. The Court of Appeal affirmed the judgment insofar as it rejected the demands of the other plaintiffs, finding that their testimony did exonerate their host driver from negligence. The court held this testimony was a judicial confession under LSA–C.C. Article 2291, barring the plaintiffs' recovery despite a finding that the host driver was at fault in the accident. See La.App., 188 So.2d 84. On application of the unsuccessful plaintiffs, we granted certiorari to review the Court of Appeal judgment. See 249 La. 771, 191 So.2d 144.

We agree with the Court of Appeal's finding of fact and find the collision resulted from the fault of the automobile driver. The Court of Appeal also found that plaintiffs-relators testified that the truck suddenly swerved into the automobile's lane and struck the automobile, contrary to the court's finding. From our review of the testimony, we conclude the plaintiffs testified to facts which, if accepted by the court, would exonerate their host driver from fault.

Article 2291 of the Louisiana Civil Code provides:

"The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.

"It amounts to full proof against him who has made it.

"It can not be divided against him.

"It can not be revoked, unless it be proved to have been made through an error in fact.

"It can not be revoked on a pretense of an error in law."

The defendant-respondent contends that this Article applies to the present case and that plaintiffs' factual testimony exonerating the automobile driver from fault is a judicial confession which bars their recovery. The respondent relies upon a series of cases in the intermediate courts of appeal, including Thompson v. Haubtman, 18 La.App. 119, 137 So. 362 (1931); Stroud v. Standard Accident Insurance Co., La.App., 90 So.2d 477 (1956); Bowers v. Hardware Mutual Casualty Co., La.App., 119 So.2d 671 (1960); and Franklin v. Zurich Ins. Co., La.App., 136 So.2d 735 (1962).

The plaintiffs-relators contend Article 2291 is inapplicable to an automobile accident suit. They assert the Article applies only to proof of conventional obligations, or contracts, since it is found in Title IV of the Civil Code relating to conventional obligations and in a chapter entitled, "Of the Proof of Obligations and of That of Payment." Alternatively, they assert that the disserving testimony of the plaintiffs does not bar their recovery, because the court found the host driver was in fact guilty of negligence causing the accident.

The initial question framed by these contentions is whether LSA–C.C. Article 2291

applies to a suit for damages arising from a delict, or tort.

The Article, of course, is in Title IV of the Louisiana Civil Code dealing with conventional obligations. It forms part of Chapter 6, entitled, "Of the Proof of Obligations and of That of Payment." This chapter, however, contains a number of articles of general application. For example, Article 2282 deals with the competency of witnesses; Article 2283, with the attorney-client privilege; Article 2284, with legal presumptions; and Article 2286, with res judicata. See, generally, Saunders' Lectures on the Civil Code (Bonomo ed., 1925) p. 460.

▮ Article 2291 contains no language delimiting it to proof of conventional obligations. The Article refers generally to "a judicial proceeding." This Court has long recognized that the Article applies to judicial proceedings other than those involving the proof of a contractual obligation. See, e. g., Penn v. Burk, 244 La. 267, 152 So.2d 16 (suit to enjoin executory process); D'Antoni v. Geraci, 224 La. 818, 70 So.2d 883 (divorce action); and Sanderson v. Frost, 198 La. 295, 3 So.2d 626 (petitory action). We conclude that Article 2291 applies to the present delictual action.

More difficult is the question of whether the disserving factual testimony of a party-witness is a judicial confession under Article 2291, barring recovery despite a contrary judicial finding of facts consistent with the defendant's liability.

Some appellate decisions, without analyzing the history and purpose of the Article, have assumed that a party's disserving factual testimony amounts to a judicial confession, inexorably binding the party irrespective of preponderating evidence to the contrary. The underlying notion seems to be that a party who has testified incorrectly against himself should lose his case. See Franklin v. Zurich Insurance Co. and Thompson v. Haubtman, supra. This Court has never passed upon the question, though in the recent case of Reynolds v. Hardware Mutual Casualty Company, 249 La. 268, 186 So.2d 588, we expressed serious doubt that Article 2291 applies to a party's testimonial recitation of facts.

The codal text relating to the judicial confession (*l'aveu judiciaire*) emanates from Article 1356 of the Code Napoleon. Imported from that code, the text became part of Louisiana's first Civil Code. See C.C.1808, p. 314, Art. 257. Succeeding codes retained the text without substantial change.

Like the Code Napoleon, the Louisiana Codes classified the judicial confession as a distinct method of proof. C.N. 1804, Art. 1316; C.C.1808, p. 304, Art. 216; C.C. 1825, Art. 2230; C.C.1870, Art. 2233. Article 2233 of the present Code classifies the methods of proof as the literal proof, the

testimonial proof, the presumption, and the confession of the party.

Under the original Code Napoleon, only a witness could give *testimony*. A party litigant could offer proof only by *admissions* and *oaths*. 2 Planiol, Civil Law Treatise (Translation by Louisiana State Law Institute) No. 17.

The judicial admission, or confession, was a party's express acknowledgement of the correctness of "the fact or the act charged against him" by his adversary. 2 Planiol, supra, No. 24. In practice, the judicial confession was incorporated in a formal act. See 20 Laurent, Droit Civil Francois, § 166, p. 196 (3d ed. 1878). Such a confession amounted to full proof and dispensed with testimony. 2 Planiol, supra, Nos. 22–29.

Party oaths under the Code Napoleon represented a formal system designed to test the truth when the testimony was unsatisfactory. Planiol, supra, Nos. 31–35. This system was never fully adopted in Louisiana.

At the time Louisiana adopted the judicial confession principle, the Civil Code disqualified a party litigant as a witness, because of his interest in the cause. C.C. 1808, p. 312, Art. 248; Pugh, Evidence, 23 La.L.Rev. pp. 407–408. The Code restricted proof by party oath to interrogatories on facts and articles. C.C.1808, p. 316, Art.

258. Article 259 of the Louisiana Civil Code of 1808 specifically defined the interrogatory on facts and articles as written questions propounded to the opposite party endeavoring to obtain from the party's avowals (*les aveux*) some proof respecting the object of the litigation. Article 263 provided that the answer, that is, the avowal elicited by this formal procedure, formed complete proof against the responding party. Thus, the avowal dispensed with the production of evidence.

The disqualification of a party litigant as a witness continued in Article 2260 of the Civil Code of 1825. See Beer v. Word, Asher & Co., 13 La.Ann. 467 (1858); Baudoin v. Nicholas, 12 Rob. 594 (1846); and Brander v. Ferriday, Bennett & Co., 16 La. 296 (1840). By 1867, witness disqualification because of interest in the cause had been removed through amendment of the Code Article. See Act 71 of 1867 and Act 204 of 1868.

The Civil Code of 1825 omitted Articles 258 to 264 of the 1808 Code, dealing with proof by oath of a party through interrogatories on facts and articles. The codifiers relegated this series of articles to a code of evidence then being prepared. See Volume I, Louisiana Legal Archives, p. 290. At the same time, they retained in the Civil Code the judicial confession article, which immediately preceded the articles suppressed. See C.C.1825, Art. 2270.

■ This historical analysis clearly points to a conclusion that the judicial confession is distinct from a party's factual testimony. The Louisiana codes have distinguished the confession of a party from testimonial proof. Furthermore, during the formative period of the confession rule, a party litigant was generally incompetent to testify as a witness.

■ As a legal concept, the judicial confession is designed to dispense with evidence. It has the effect of withdrawing the subject matter of the confession from issue. See Sanderson v. Frost, 198 La. 295, 3 So. 2d 626 and Farley v. Frost-Johnson Lumber Co., 133 La. 497, 63 So. 122, L.R.A.1915A, 200. In the landmark case of Frost-Johnson Lumber Co., supra, this Court pointed out that Article 2291 refers only to the confession made in the suit, that is, in the pleadings or note of evidence, "for the purpose of dispensing from taking evidence * * *."

As noted in Coleman v. Jones & Pickett, 131 La. 803, 60 So. 243, it is of the nature of this kind of admission that it be, by intention, an act of waiver relating to the opponent's proof and not merely an assertion made for some independent purpose, such as a statement made for the purpose of giving testimony.

See also Pugh, Evidence, 23 La.L.Rev. 406–408. For the common-law view of this subject, see McCormick On Evidence, §§ 239, 243 (1954) and 9 Wigmore, Evidence, §§ 2588, 2594A (3d ed. 1940).

■ A judicial confession under Article 2291 is a party's admission, or concession, in a judicial proceeding of an adverse factual element, waiving evidence as to the subject of the admission. A party's testimony is offered as evidence, not as a waiver of it. To be an effective agency of truth, the trier of fact must be allowed to weigh the disserving testimony of a party, as well as other evidence. When the truth is found elsewhere, the party's disserving testimony must yield in order to achieve the ends of justice. Hence, we reject as unsound the several expressions of the Courts of Appeal tending to equate a party's disserving factual testimony with a judicial confession.[2]

■ We hold that the plaintiffs' disserving testimony is not a judicial confession or conclusive admission. Hence, they are entitled to recover.

■ Heretofore, we have remanded cases to the Court of Appeal to fix damages when that court has failed to pass upon the

2. These cases include Thompson v. Haubtman, 18 La.App. 119, 137 So. 362 (cert. denied 1932); Stroud v. Standard Accident Ins. Co., La.App., 90 So.2d 477; Bowers v. Hardware Mutual Casualty Co., La.App., 119 So.2d 671; and Franklin v. Zurich Ins. Co., La.App., 136 So. 2d 735 (cert. denied 1962). The results reached in these cases are not necessarily erroneous.

issue. See Felt v. Price, 240 La. 966, 126 So.2d 330, and the cases therein cited. We will remand this case to permit the Court of Appeal to fix damages.

For the reasons assigned, the judgment of the Court of Appeal is reversed. Judgment is rendered in favor of the plaintiffs against the defendant, Gulf Insurance Company, in such sums as may hereafter be fixed, and the case is remanded to the Court of Appeal, Fourth Circuit, for the assessment of damages according to law. The defendant is condemned to pay all costs of court.

199 So.2d 891