SHORTESS, Judge.
Gloria Burton (plaintiff) brought suit against Country Boys, Inc., d/b/a The Pressing Shoppe (defendant) stating two causes of action, one sounding in negligence and the other in workers’ compensation. Both stemmed from the same incident which occurred on April 9, 1981. Plaintiff had been employed as a waitress at the Pitt Grill in Hammond, but her friend Mary Robertson told her there was a job opening at The Pressing Shoppe, so plaintiff went there to apply for it. During the course of her interview and while learning how to operate a pressing machine at Mary Robertson’s direction, she injured her left ring finger when it was caught in the machine. She suffered second-degree and third-degree burns to that finger. Defendant filed an exception of no right and no cause of action to plaintiff’s petition in tort. It alleged that: “Plaintiff, Gloria Burton, has no right of action in tort against defendant since she was, at the time of the alleged accident, an employee of defendant. As such, plaintiff’s only right of action is in workmen’s compensation.”
Defendant filed an extensive memorandum wherein it set forth unequivocally that plaintiff was an employee. The trial court on August 9, 1982, rendered an opinion sustaining the peremptory exceptions of no right and no cause of action. On August 24, 1982, this opinion was reduced to writ *905 ten judgment,[1] and plaintiffs suit based on negligence was dismissed with prejudice at her costs.
Subsequently, the workers’ compensation claim was tried. After hearing the evidence, the trial court rendered an opinion dismissing plaintiffs case. The court was of the opinion that “there was no evidence indicating that plaintiff was an employee of the defendant corporation. It was not shown that any official or anyone in authority of defendant corporation had anything to do with inviting plaintiff to ‘try out’ for employment. The person who apparently arranged with plaintiff to come to The Pressing Shoppe, Mrs. [Robertson], was not called as a witness.”
La.Civil Code art. 2291 provides that:
The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
It amounts to full proof against him who has made it.
It can not be divided against him.
It can not be revoked, unless it be proved to have been made through an error in fact.
It can not be revoked on a pretense of an error in law.
"The [Louisiana Supreme Court] in Farley v. Frost-Johnson Lumber Co., 133 La. 497, 63 So. 122 (1913), in interpreting LSA-C.C. art. 2291 stated that a judicial confession in the pleadings has the effect of dispensing with the necessity of producing evidence to prove those facts admitted in the pleadings.” McCorkle v. Service Cab Co., Inc., 305 So.2d 589 at 590 (La.App. 4th Cir.1974). See also Smith v. Board of Trustees of Louisiana School Employees Retirement System, 398 So.2d 1045 (La.1981); Cheatham v. City of New Orleans, 378 So.2d 369 (La.1979); Guillot v. Alleman, 303 So.2d 272 (La.App. 1st Cir.1974), writ denied, 303 So.2d 749 (La.1974) (admissions made in exception of nonjoinder and answer to interrogatories). We further note that La.C.C.P. art. 852 includes the exception as a type of pleading: “The pleadings allowed in civil actions ... shall consist of petitions, exceptions, written motions, and answers.” (Emphasis added.)
The Court in Jackson v. Gulf Insurance Company, 250 La. 819, 199 So.2d 886 (La.1967), passed upon the general applicability of Article 2291. The plaintiff in that case had asserted the article applied only to conventional obligations since it was found in Title IV of the Civil Code. The court ruled otherwise, stating:
Article 2291 contains no language delimiting it to proof of conventional obligations. The Article refers generally to “a judicial proceeding.” This Court has long recognized that the Article applies to judicial proceedings other than those involving the proof of a contractual obligation.
199 So.2d at 889.
We find that La.C.C. art. 2291 also applies to workers’ compensation proceedings. The trial judge erred in finding that plaintiff was not an employee of the defendant corporation. Her status as an employee was not an issue because of defendant’s admissions.
Immediately after the accident, plaintiff went to see Dr. Vincent N. Cefalu, a general practitioner in Hammond. He examined her and found second-degree and third-degree burns over the entire left ring finger. He found her to be in a lot of pain and asked her to return in a couple of days so he could debride the wound. She returned on April 13, 1981. He debrided the finger and found that the burn was still bad. Cefalu told plaintiff he did not know what would come of it and wanted to see her weekly for treatment, but he never saw her again. He felt that second-degree burns took two or three weeks at a minimum to heal, and third-degree burns took a couple more weeks.
On April 28, 1981, plaintiff was seen by Dr. James L. Nelson, a general surgeon in Hammond. He testified that Dr. Cefalu referred plaintiff to him. On examination, *906 he found that plaintiff had a third-degree burn that measured lVa centimeters by 3V2 centimeters on the back surface of her left ring finger. He suggested that skin grafting would be appropriate to facilitate healing. He testified that plaintiff was to consider a skin graft and call him back but that he never heard from her again. He estimated that an injury such as this one without a skin graft would take three to six months to heal. He also estimated that with a skin graft it would take about two weeks to heal. Plaintiff admitted seeing Dr. Nelson but said she refused to submit to skin grafts and went back to see him on two different occasions. However, on cross-examination she admitted that she only saw him once.
The only other evidence in the record regarding disability is the certified copy of the Lallie Kemp Charity Hospital record. Plaintiff was first seen at Lallie Kemp on April 16, 1981, with complaints of pain in the left ring finger. A notation on that visit indicates that she “spilt hot grease on finger.” She was treated on April 30, 1981, in the Surgery Department, where the wound was cleaned and debrided. She was seen again in the Surgery Department on May 5, 12, 26, June 25, and July 9. On July 9 a note was made that “the wound almost healed.” After that visit, she was seen on several occasions for other problems not relating to her finger. On January 19, 1982, the admittance record notes “finger on left hand crooked.” Plaintiffs complaint was that she found it increasingly difficult to straighten out her finger. Plaintiff was seen again on February 9 with complaints of stiffness in the finger. On this date she was seen by the Orthopedic Department, and the following note was made: “She seems to be doing quite well at this time. Primary complaint is chronic residual tenderness. Instructed in exercises to toughen up the tender area.” The last note from Lallie Kemp was from her October 19, 1982, visit. Apparently, she was referred to the Orthopedic Department for reevaluation and given an appointment for November 9, 1982. No further records were attached to the Lallie Kemp record.
The record before us clearly establishes that plaintiff experienced problems with the burn to her left ring finger which continued at least through October of 1982. The record, however, is too sketchy as presently constituted to permit us to make any finding relative to disability. Additionally, we note that there was no direct evidence taken as to the amount of wages the job paid. We find that the interests of justice require a remand to the trial court so an evidentiary hearing can be held as to the disability aspects of plaintiffs case.
For the above reasons, the judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion. All costs of this appeal are taxed to defendant.
REVERSED AND REMANDED.

. No appeal was taken from that judgment, and it has become final.