810 So.2d 1142 (2002)
Catherine TABONI on Behalf of and as Curator of Interdict Joseph TABONI, Jr., a/k/a John Doe
v.
The ESTATE OF Linda Joyce LONGO and Myrtle Prine Longo.
No. 2001-C-2107.
Supreme Court of Louisiana.
February 22, 2002.
Writ granted. In answering plaintiffs' petition, defendants admitted that Joseph Taboni, Jr. died intestate, that he was never married and had no children, and that Vincent Taboni, plaintiff, is Joseph's only brother and is therefore the sole heir of Joseph. La.C.C. art. 1853 provides that a "judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it." An admission in an answer constitutes a judicial confession and is full proof against the party making it. Starns v. Emmons, 538 So.2d 275 (La. *1143 1989); Smith v. Board of Trustees, 398 So.2d 1045 (La.1981); Cheatham v. City of New Orleans, 378 So.2d 369 (La.1979). A judicial confession has the effect of waiving evidence relating to the subject of the admission and withdrawing the subject matter of the confession from issue. Cheatham at 375. Because defendants admitted that decedent died intestate, was never married, had no children, and had only one brother, the exception of no right of action should have been overruled. The court of appeal's judgment is reversed, the exception is overruled, and the case is remanded to the trial court for further proceedings.