STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

04-594

JOSHUA TERRELL, INDIV., ETC., ET AL.

VERSUS

TOWN OF MERRYVILLE, ET AL.

**********
APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2002-0560-A
HONORABLE STUART S. KAY,  JR., DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Glenn B. Gremillion and Elizabeth A. Pickett, Judges.

**Thibodeaux, C.J., dissents and assigns written reasons.**

**AFFIRMED.**

**Rex D. Townsley**
**Marcus P. LaCombe**
**The Townsley Law Firm**
**3102 Enterprise Blvd.**
**Lake Charles, LA 70601**
**(337) 478-1400**
**Counsel for Plaintiff/Appellant**
        **Joshua Paul Terrell**
        **Joshua Terrell**
        **Celeste Terrell**

**James L. Pate**
**Angela M. Barbera**
**Laborde & Neuner**
**P.O. Drawer 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**Counsel for Defendants/Appellees**
**St. Paul Fire & Marine Insurance Co.**
**Town of Merryville**

**Christopher M. McNabb**
**Schafer & Schafer**
**328 Lafayette St.**
**New Orleans, LA 70130**
**(504) 522-0011**
**Counsel for Defendants/Appellees**
**Beauregard Parish Fire District #1**
**American Alternative Insurance Corp.**

GREMILLION, Judge.

The plaintiffs, Joshua and Celeste Terrell, individually and on behalf of their minor child, Joshua Paul, appeal the judgment of the trial court granting summary judgment on behalf of the defendant, St. Paul Fire & Marine Insurance Company, and dismissing their claims against it with prejudice. For the following reasons, we affirm.

**FACTS**

On June 28, 2002, the Terrells filed suit against the Town of Merryville, the Beauregard Parish Fire District #1, and American Alternative Insurance Corporation as a result of injuries Joshua suffered while assisting in the clean up of storm debris in Merryville, Louisiana, on October 13, 2001. The Terrells later amended their petition to name St. Paul, Merryville's liability insurer, as an additional defendant. Joshua, a volunteer fireman with the Beauregard Parish Fire District #1, suffered a broken pelvis and injuries to his back when he fell four feet from the bucket of a backhoe while cutting downed tree limbs. Joshua and other volunteer firemen were at the Merryville Fire Station for a dedication when the town's mayor, Margaret Krasso, asked for volunteers to clean up debris.

In his original petition and in deposition testimony, Joshua stated that he was assisting with the cleanup in his capacity as a volunteer fireman. St. Paul filed a motion for summary judgment arguing that the liability policy issued by it to Merryville excluded coverage for injuries suffered by volunteer firefighters in the execution of their duties. On December 5, 2003, the Terrells filed a Second Supplemental and Amending Petition for Damages alleging that Joshua "was acting outside the scope and capacity as a volunteer fireman" at the time of his injury.

1

Following a hearing on the motion, the trial court granted summary judgment in favor of St. Paul finding that the policy exclusion excluded coverage for Joshua's injuries. This appeal by the Terrells followed.

**ISSUES**

On appeal, the Terrells argue that the trial court erred in granting summary judgment in this matter by finding that Joshua was performing the duties of a volunteer fireman when injured.

**SUMMARY JUDGMENT**

The law pertaining to summary judgment is well settled. Summary judgments are reviewed de novo. *Magnon v. Collins*, 98-2822 (La. 7/7/99), 739 So.2d 191. Thus, appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Id.* This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B), (C)).

In their petition, the Terrells state:

2.

On or about Saturday, October 13, 2001, the Mayor of **THE TOWN OF MERRYVILLE**, Maragret Krasso, requested assistance from Fire Chief Scott Slayter with the **BEAUREGARD PARISH FIRE DISTRICT #1** with the clean-up of debris following a storm. Petitioner, **JOSHUA TERRELL**, *in his capacity as a volunteer fireman*, was instructed by Chief Slayter to assist **THE TOWN OF MERRYVILLE** with the removal of a tree limb which had fallen across a utility wire.

(Italics added).

In his deposition, Joshua stated:

Q    (Ms. Barbera)  Did you feel like you had to obey Mr. Watson, you had to follow his orders?

2

A     I just done it because I was there and we was all volunteering. You know, our job. I just didn't want nobody to come up and say something about not doing their job, nobody else get in trouble from the Mayor, you know.

Q     So did you feel like you were doing your job as a volunteer fireman at that point?

A     Yes, ma'am.

Furthermore, in claims made by the Terrells against Special Risk Insurance, Inc. and Hartford Life and Accident Insurance Company on October 15, 2001, Merryville Fire Chief Scott Slayter indicated that Joshua was engaged in an activity authorized by the Beauregard Parish Fire District #1 at the time of his injury.

A judicial confession is a declaration made in a judicial proceeding which constitutes full proof against the party making it. La.Civ.Code art. 1853. Such a confession may only be revoked on grounds of error of fact. *Id.* In *C.T. Traina, Inc. v. Sunshine Plaza, Inc.*, 03-1003, pp. 5-6 (La. 12/3/03), 861 So.2d 156, 159-60, the supreme court stated:

> The well settled jurisprudence establishes that an admission by a party in a pleading constitutes a judicial confession and is full proof against the party making it. *Taboni ex rel. Taboni v. Estate of Longo*, 01-2107 (La.2/22/02), 810 So.2d 1142; *Starns v. Emmons*, 538 So.2d 275 (La.1989); *Smith v. Board of Trustees*, 398 So.2d 1045 (La.1981); *Cheatham v. City of New Orleans*, 378 So.2d 369 (La.1979). A judicial confession has the effect of waiving evidence as to the subject of the admission. *Crawford v. Deshotels*, 359 So.2d 118 (La.1978); *Jackson v. Gulf Ins. Co.*, 250 La. 819, 199 So.2d 886 (1967); *Farley v. Frost-Johnson Lumber Co.*, 133 La. 497, 63 So. 122 (1913). A declaration made by a party's attorney or mandatory has the same effect as one made by the party himself. La. Civ.Code art. 1853, cmt. (b).
>
> . . . .
>
> The court of appeal recognized that Sunshine judicially confessed that it had an oral contract with Traina, but reasoned that Sunshine revoked its admission when it filed a subsequent pleading denying any

contractual relationship existed. We disagree. La.Civ.Code art. 1853 explicitly provides that a judicial confession may be revoked only on the ground of error of fact. At no time did Sunshine assert its judicial confession of an oral contract was made in error. To the contrary, Sunshine's amended answer confirmed Sunshine's earlier allegation of an oral contract by continuing to allege, in the alternative, that an oral contract existed. Therefore, we must conclude based on the record before us that Sunshine's judicial confession of an oral contract was never revoked on the ground of error of fact.

In their second amended petition, the Terrells added Paragraph "6b," which states, "In the alternative, it is alleged that on information and belief, at the time of the petitioner's injuries, JOSHUA TERRELL, was acting outside the scope and capacity as a volunteer fireman." They further reiterated and re-alleged all of the allegations set forth in their original and first amending petition. A review of the petition and two amending petitions fails to reveal that the Terrells ever claimed that their prior judicial confession concerning Joshua's status at the time of his accident, was made in error. Since the judicial confession was never revoked on the ground of error of fact, it stands as asserted in their original petition. Accordingly, we find, as did the trial court, that the Terrells judicially confessed that Joshua was acting in his capacity as a volunteer fireman at the time of his accident. Therefore, no evidence was required on this issue and it was withdrawn from consideration. *Id.* Moreover, since the liability policy issued by St. Paul expressly excludes coverage for injuries suffered by volunteer firemen during the performance of their duties, Merryville's policy does not provide coverage for Joshua's injuries.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of the defendant-appellee, St. Paul Fire & Marine

4

Insurance Company, is affirmed. The costs of this appeal are assessed to the plaintiffs-appellants, Joshua and Celeste Terrell.

**AFFIRMED.**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-594

JOSHUA TERRELL, INDIV., ETC., ET AL.

VERSUS

TOWN OF MERRYVILLE, ET AL.


THIBODEAUX, C.J., dissenting.


The majority's reliance on *C.T. Traina, Inc. v. Sunshine Plaza Inc.*, 03-1003 (La. 12/3/03), 861 So.2d 156 is misplaced. The majority asserts that "[s]ince the judicial confession was never revoked on the ground of error of fact, it stands as asserted in their original petition." *C.T. Traina, Inc. v. Sunshine Plaza Inc.* does not stand for the proposition that a judicial confession must be revoked specifically on the ground of error of fact. In other words, there need not be an explicit revocation with the assertion that an error of fact occurred. In *C.T. Traina, Inc. v. Sunshine Plaza*, the defendant, Sunshine Plaza, never revoked its judicial confession. To the contrary, the supreme court in *C.T. Traina* explicitly observed that the defendant, Sunshine, always recognized the existence of an oral contract.

In this case, Terrell contradicted his earlier admission of his status as a volunteer fireman in his amending petition. Terrell was operating a chainsaw while standing in a bucket of a city-owned backhoe. His deposition testimony clearly asserted that he was doing this as a community service and would not be paid for that

activity. He was not dressed as a volunteer firefighter and was performing the work at the request of the mayor who had requested assistance in cleaning up storm debris.

A judicial confession under La.Code Civ.P. art. 1853 has two elements: (1) it must be an expressed articulation of an adverse fact, sufficient to dispense with the need for any further evidence. *Jones v. Gillen*, 564 So.2d 1274 (La.App. 5 Cir. 1990); (2) the adverse party must have believed the fact was no longer an issue or must have detrimentally relied on it. *Alexis v. Met Life*, 604 So.2d 581 (La.1992). Terrell clearly contradicted his earlier admission and there is no showing that the insurer in this case was deceived or misled. Moreover, there is no showing whatsoever that the insurer relied to its detriment on this confession. It is clear that a party must have relied on the declaration to his detriment before it can be a judicial confession. *Krepps v. Hindelang*, 713 So.2d 519 (La.App. 5 Cir. 1998).

The policy excludes the payment of damages "to any volunteer firefighter *that results from their duties as volunteer firefighters*." (Emphasis supplied). Mr. Terrell was performing work outside the duties of a volunteer firefighter. Although the duties of a volunteer firefighter is not defined in the policy, common experience tells us that the voluntary cleaning of storm debris at the request of the mayor is not encompassed within the duties of a volunteer firefighter.

Based on the foregoing, I respectfully dissent and would reverse the trial court's grant of summary judgment.