| GREMILLION, Judge.
The plaintiffs, Joshua and Celeste Terrell, individually and on behalf of their minor child, Joshua Paul, appeal the judgment of the trial court granting summary judgment on behalf of the defendant, St. Paul Fire & Marine Insurance Company, and dismissing their claims against it with prejudice. For the following reasons, we affirm.
FACTS
On June 28, 2002, the Terrells filed suit against the Town of Merryville, the Beauregard Parish Fire District # 1, and American Alternative Insurance Corporation as a result of injuries Joshua suffered while assisting in the clean up of storm debris in Merryville, Louisiana, on October 13, 2001. The Terrells later amended their petition to name St. Paul, Merry- *1280 ville’s liability insurer, as an additional defendant. Joshua, a volunteer fireman with the Beauregard Parish Fire District # 1, suffered a broken pelvis and injuries to his back when he fell four feet from the bucket of a backhoe while cutting downed tree limbs. Joshua and other volunteer firemen were at the Merryville Fire Station for a dedication when the town’s mayor, Margaret Krasso, asked for volunteers to clean up debris.
In his original petition and in deposition testimony, Joshua stated that he was assisting with the cleanup in his capacity as a volunteer fireman. St. Paul filed a motion for summary judgment arguing that the liability policy issued by it to Merryville excluded coverage for injuries suffered by volunteer firefighters in the execution of their duties. On December 5, 2003, the Terrells filed a Second Supplemental and Amending Petition for Damages alleging that Joshua “was acting outside the scope and capacity as a volunteer fireman” at the time of his injury. | gFollowing a hearing on the motion, the trial court granted summary judgment in favor of St. Paul finding that the policy exclusion excluded coverage for Joshua’s injuries. This appeal by the Terrells followed.
ISSUES
On appeal, the Terrells argue that the trial court erred in granting summary judgment in this matter by finding that Joshua was performing the duties of a volunteer fireman when injured.
SUMMARY JUDGMENT
The law pertaining to summary judgment is well settled. Summary judgments are reviewed de novo. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. Thus, appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. Id. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B), (C).
In their petition, the Terrells state:
2.
On or about Saturday, October 13, 2001, the Mayor of THE TOWN OF MERRYVILLE, Maragret Krasso, requested assistance from Fire Chief Scott Slayter with the BEAUREGARD PARISH FIRE DISTRICT #1 with the clean-up of debris following a storm. Petitioner, JOSHUA TERRELL, in his capacity as a volunteer fireman, was instructed by Chief Slayter to assist THE TOWN OF MERRYVILLE with the removal of a tree limb which had fallen across a utility wire.
(Italics added).
In his deposition, Joshua stated:
Q (Ms. Barbera) Did you feel like you had to obey Mr. Watson, you had to follow his orders?
|oA I just done it because I was there and we was all volunteering. You know, our job. I just didn’t want nobody to come up and say something about not doing their job, nobody else get in trouble from the Mayor, you know.
Q So did you feel like you were doing your job as a volunteer fireman at that point?
A Yes, ma’am.
Furthermore, in claims made by the Ter-rells against Special Risk Insurance, Inc. *1281 and Hartford Life and Accident Insurance Company on October 15, 2001, Merryville Fire Chief Scott Slayter indicated that Joshua was engaged in an activity authorized by the Beauregard Parish Fire District # 1 at the time of his injury.
A judicial confession is a declaration made in a judicial proceeding which constitutes full proof against the party making it. La.Civ.Code art. 1853. Such a confession may only be revoked on grounds of error of fact. Id. In C.T. Traina, Inc. v. Sunshine Plaza, Inc., 03-1003, pp. 5-6 (La.12/3/03), 861 So.2d 156, 159-60, the supreme court stated:
The well settled jurisprudence establishes that an admission by a party in a pleading constitutes a judicial confession and is full proof against the party making it. Taboni ex rel. Taboni v. Estate of Longo, 01-2107 (La.2/22/02), 810 So.2d 1142; Starns v. Emmons, 538 So.2d 275 (La.1989); Smith v. Board of Trustees, 398 So.2d 1045 (La.1981); Cheatham v. City of New Orleans, 378 So.2d 369 (La.1979). A judicial confession has the effect of waiving evidence as to the subject of the admission. Crawford v. Deshotels, 359 So.2d 118 (La.1978); Jackson v. Gulf Ins. Co., 250 La. 819, 199 So.2d 886 (1967); Farley v. Frost-Johnson Lumber Co., 133 La. 497, 63 So. 122 (1913). A declaration made by a party’s attorney or mandatory has the same effect as one made by the party himself. La. Civ.Code art. 1853, cmt. (b).
[[Image here]]
The court of appeal recognized that Sunshine judicially confessed that it had an oral contract with Traína, but reasoned that Sunshine revoked its admission when it filed a subsequent pleading denying any | contractual relationship existed. We disagree. La.Civ.Code art. 1853 explicitly provides that a judicial confession may be revoked only on the ground of error of fact. At no time did Sunshine assert its judicial confession of an oral contract was made in error. To the contrary, Sunshine’s amended answer confirmed Sunshine’s earlier allegation of an oral contract by continuing to allege, in the alternative, that an oral contract existed. Therefore, we must conclude based on the record before us that Sunshine’s judicial confession of an oral contract was never revoked on the ground of error of fact.
In their second amended petition, the Terrells added Paragraph “6b,” which states, “In the alternative, it is alleged that on information and belief, at the time of the petitioner’s injuries, JOSHUA TERRELL, was acting outside the scope and capacity as a volunteer fireman.” They further reiterated and re-alleged all of the allegations set forth in their original and first amending petition. A review of the petition and two amending petitions fails to reveal that the Terrells ever claimed that their prior judicial confession concerning Joshua’s status at the time of his accident, was made in error. Since the judicial confession was never revoked on the ground of error of fact, it stands as asserted in their original petition. Accordingly, we find, as did the trial court, that the Ter-rells judicially confessed that Joshua was acting in his capacity as a volunteer fireman at the time of his accident. Therefore, no evidence was required on this issue and it was withdrawn from consideration. Id. Moreover, since the liability policy issued by St. Paul expressly excludes coverage for injuries suffered by volunteer firemen during the performance of their duties, Merryville’s policy does not provide coverage for Joshua’s injuries.
*1282 CONCLUSION
For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of the defendant-appellee, St. Paul Fire & Marine | ¡¡Insurance Company, is affirmed. The costs of this appeal are assessed to the plaintiffs-appellants, Joshua and Celeste Terrell.
AFFIRMED.
THIBODEAUX, C.J., dissents and assigns written reasons.