NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1371

MILDRED ELLEN METHVIN

VERSUS

JAMES THOMAS MCMANUS

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2005-5234
HONORABLE PHYLLIS M. KEATY, DISTRICT JUDGE

* * * * * * * * * *

ELIZABETH A. PICKETT
JUDGE

* * * * * * * * * *

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

AFFIRMED.

Katherine P. Martin
Gretchen Heider Mayard
Martin Mayard, L.L.C.
P. O. Box 81338
Lafayette, LA 70598-1338
(337) 291-2440
Counsel for Defendant/Appellee:
James Thomas McManus

**Bradley L. Drell**
**Michael J. Floyd**
**B. Gene Taylor III**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307**
**(318) 445-6471**
**Counsel for Plaintiff/Appellant:**
**Mildred Ellen Methvin**

**PICKETT, Judge.**

Ex-wife appeals judgment denying her motion to reform community property settlement entered into by her and her ex-husband. We affirm the judgment.

## FACTS

Mildred Methvin and James McManus were married January 2, 1988. Prior to their marriage in December 1987, the couple executed a marriage contract in which they renounced the community property regime provided for by Louisiana law and contracted for a separate property regime. Ten years later, on March 18, 1998, Mildred and James terminated their separate property regime and established a legal regime of community property from that date forward. That same date, they each transferred separate property they owned individually to the newly-established community of acquets and gains.

Mildred filed for divorce in October 2005. On March 17, 2006, she and James entered into a Stipulated Community Property Settlement (Settlement) in which they divided the community property accumulated after they established the community of acquets and gains. Subsequently, on March 30, 2006, a judgment of divorce, which provided that the divorce terminated the community of acquets and gains retroactive to October 7, 2005, and that each party was to retain the property set forth in the Stipulated Community Property Settlement, was signed by the trial court.

In October 2009, James filed a Motion to Enforce Stipulated Community Property Settlement Regarding Petitioner's Federal Retirement Benefits, seeking to enforce a provision of the Settlement that entitled each party to a portion of their former spouse's Civil Service Retirement System retirement benefits. The retirement benefits provision reads:

1

The parties further agree that each is entitled to a portion of the former spouse's CSRS retirement benefits. The parties agree to timely submit to the court, prior to their respective retirement dates, a mutually-agreed court order for each party, directing the United States Office of Personnel Management (OPM) to pay the former spouse's share of the retirement benefits directly to the former spouse in accordance with a formula in accordance with Louisiana law. For purposes of the computation, the parties agree that the community lasted 17.75 years, from January 2, 1988, until October 7, 2005.

The Settlement then outlined in a footnote the formula espoused by the supreme court in *Sims v. Sims*, 358 So.2d 919 (La.1978), for partitioning retirement benefits.

Mildred opposed James's Motion, urging that the retirement benefits provision contained an error that rendered it unenforceable as written. She asserted that because the retirement benefits provision stated the community property regime existed for 17.75 years, the number of years they had been married, rather than the 7.56 years it actually existed, it contained an error of fact that required it to be reformed to reflect the community property regime existed for 7.56 years, not 17.75 years.

After a hearing, the trial court rendered judgment in favor of James. Mildred appealed.

## ISSUES FOR REVIEW

Mildred assigns three errors with the trial court's judgment which present the following issues for our consideration:

1.  Whether a stipulation containing a known error of fact entitles a party to an opportunity to retract or rescind the stipulation.

2.  Whether a stipulation containing an error of fact made through ignorance of or a misapprehension of the true facts entitles a party to an opportunity to retract the stipulation.

2

3.       Whether the trial court erred in refusing to admit parol evidence to allow appellant to demonstrate error that vitiated consent as to the stipulation.

4.       Whether the trial court erred in relying on the incorrect fact that appellant drafted the community property partition in making its decision to not allow parol evidence to prove error that vitiated consent.

## DISCUSSION

**Error of Fact**

Mildred contends the Settlement contains a known error of fact which was included through ignorance of or misapprehension of the true facts; therefore, she is entitled to retract the stipulation. She relies on La.Civ.Code art. 1853 as support for her argument. Article 1853 provides:

> A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.

> A judicial confession is indivisible and it may be revoked only on the ground of error of fact.

Mildred's argument fails for two reasons. First, the provision in the Settlement concerning the length of time the community property regime existed was not a judicial confession. Judicial confession is defined as "a party's admission, or concession, in a judicial proceeding of an adverse factual element, waiving evidence as to the subject of the admission." *Jackson v. Gulf Ins. Co.*, 199 So.2d 886, 891, 250 La. 819, 832 (La. 1967). *See also Leday v. Safeway Ins. Co. of La.*, 04-610 (La.App. 3 Cir. 11/17/04), 888 So.2d 1084. The length of time the community property regime existed was known by Mildred and James. Therefore, it was not an issue in the proceeding and was not an admission or concession of an adverse factual element as contemplated by La.Civ.Code art. 1853.

3

Second, the "error" of which Mildred complains was made either through her lack of diligence or negligence, not ignorance or misapprehension of the true facts, or it was negotiated by her and James, as James argues. Mildred would not be entitled to relief under either scenario. If the provision was negotiated, it was not an "error" but a negotiated term of the Settlement. If it was an "error" made through lack of diligence or negligence, Mildred would not be entitled to relief even if the Settlement provision was a judicial confession. *See Ubas for Use and Benefit of Ubas v. La. Farm Bureau Mut. Ins. Co.,* 434 So.2d 199 (La.App. 4 Cir. 1983).

In *Ubas*, an insurer sought to invalidate a settlement on the basis of lack of consent, urging that its agent's error as to the limits of the policy it issued to its insured constituted an error sufficient to vitiate its consent to the settlement. The court rejected the argument, holding the insurer and its agent had a duty to know the limits of the policy and the agent's failure to fulfill that duty precluded the insurer from claiming error on that basis. We acknowledge the insurer in *Uba* urged that its consent to the settlement was vitiated by error, as provided in La.Civ. Code art. 1948, but find the court's reasoning applicable to Mildred's argument under Article 1853. *See also Watkins v. Cawthon*, 33 La.Ann. 1194 (1881); *Nestor v. La. State Univ. Health Sci. Ctr. in Shreveport,* 40,378 (La.App. 2 Cir. 12/30/05), 917 So.2d 1273, *writ denied*, 06-221 (La. 4/14/06), 926 So.2d 551, which indicate that only newly discovered information which has a prejudicial impact on an adverse party warrants application of Article 1853. For these reasons, we reject Mildred's argument that the Settlement contains a judicial confession made through an error of fact which justifies revocation of the confession.

4

**Parol Evidence**

Mildred next argues the trial court erred in refusing to allow parol evidence to correct the length of time the community property regime existed. She argues: 1) parol evidence should have been allowed to establish that the retirement benefits provision contains an error that vitiates her consent to it and 2) it was error for the trial court to interpret the retirement benefits provision against her because she did not draft the Settlement.

As discussed above, Mildred's first argument has no merit. *Ubas*, 434 So.2d 199 (La.App. 4 Cir. 1983). With regard to her second argument, La.Civ.Code art. 1848 prohibits the admission of testimony or other evidence to contradict the contents of an authentic act except where it is used to prove vice of consent, simulation, or that the written act was modified by a subsequent and valid oral agreement. The Civil Code instructs that interpretation of a contract is the determination of the common intent of the parties, La.Civ.Code art. 2045, then prohibits interpretation of a contract when its words are clear and explicit and lead to no absurd consequences. La.Civ.Code art. 2046. Thus, jurisprudence interpreting Article 1848 holds that unless a contract is ambiguous, parol evidence is generally inadmissible to vary the terms of the written contract. *Ortego v. State, Dep't of Trans. & Dev.*, 96-1322 (La. 2/25/97), 689 So.2d 1358.

The trial court did state in oral reasons that Mildred admitted she drafted the Settlement; therefore, it had to be construed against her. We need not address this comment, however, because Article 2056, the basis of the trial court's comment, applies only when there is doubt that cannot be resolved. *Kenner Fire Fighters Ass'n Local No. 1427, I.A.F.F. v. City of Kenner*, 09-129 (La.App. 5 Cir. 9/29/09), 25 So.3d

147, *writ denied*, 09-2362 (La. 1/8/10), 24 So.3d 870. Neither the retirement benefits provision nor the Settlement in its entirety is ambiguous as written; they are clear and explicit. Accordingly, there is no doubt as to the meaning of the retirement benefits provision, and the trial court did not err in refusing to allow parol evidence concerning the length of time the community property regimes existed. Furthermore, we find merit in James's argument that it was unnecessary to specifically state the number of years and the dates during which the community existed if he and Mildred intended to partition her retirement benefits according to the formula provided in *Sims*, 358 So.2d 919.

## DISPOSITION

For these reasons, the judgment of the trial court is affirmed. All costs are assessed to Mildred Methvin.

**AFFIRMED.**